This is a workmen's compensation case.
Preston Golden sustained a work-related injury in June 1979, while employed by Kimberly-Clark Corporation (employer). Golden brought suit against the employer for workmen's compensation benefits. The parties entered into a consent judgment in July 1980, which held that Golden was entitled to workmen's compensation benefits. The judgment relieved the employer of any further obligation to Golden, except for medical expenses incurred by him after July 15, 1980.
Golden subsequently filed an action in the Circuit Court of Talladega County against the employer, alleging fraud arising out of the original workmen's compensation settlement. He amended his complaint to add a second count requesting medical expense reimbursement. Golden later dismissed the original count. The court entered a judgment in May 1985 in favor of the employee and against the employer for $10,662.30, as medical expense reimbursement. The employer moved for an order altering, amending or vacating the court's judgment, or, in the alternative, for *Page 437 
a new trial. The motion was denied. Kimberly-Clark appeals.
The employer raises three issues on appeal. We consider first the issue of whether any legal evidence exists to support the decision of the trial court that Golden was entitled to reimbursement for his treatment at Carraway Hospital. The employer contends that Golden did not obtain authorization from it before being treated at Carraway Hospital by Dr. Ben Meyer and, therefore, failed to comply with the requirements of §25-5-77 (a), Code of Alabama 1975.
Section 25-5-77 (a) states in part:
 "If the employee is dissatisfied with the initial treating physician selected by the employer and if further treatment is required, the employee may so advise the employer, and in such event the employee shall be referred to a second physician selected by the employer. If the employee is dissatisfied with the second physician selected by the employer, the employee may so advise the employer, and, in such event the employee shall be referred to a third physician selected by the employer."
This court has construed this language to mean that the employer is not liable for medical or surgical treatment obtained by the employee without justification or notice to the employer. Allen v. Diversified Products, 453 So.2d 1063
(Ala.Civ.App. 1984); United States v. Bear Brothers, Inc.,355 So.2d 1133 (Ala.Civ.App. 1978). In footnote two of BearBrothers, this court listed instances of justification for not obtaining authorization from the employer before incurring medical expenses. Among such instances are:
 "(1) where the employer has neglected or refused to provide the necessary medical care; (2) where the employer has consented to the selection by the employee; (3) where notice of and request for alternative care would be futile; and (4) where other circumstances exist which justify the selection of alternative care by the employee."
It is well settled that our standard of review in workmen's compensation cases is limited to questions of law and to the determination of whether there is any legal evidence to support the trial court's findings of fact. Falls v. Warrior Drillingand Engineering Co., 399 So.2d 854 (Ala.Civ.App. 1981). If there is any legal evidence to support the trial court's findings, this court must affirm. Alatex, Inc. v. Couch,449 So.2d 1254 (Ala.Civ.App. 1984). The evidence reveals that in November 1980, Golden was sent for X-rays by Dr. Hill, the physician authorized by the employer. The hospital charged $50.00 for the X-rays and sent the bill to the employer. The employer returned the bill to the hospital with a note which stated that the hospital was to bill Golden because he was no longer employed by Kimberly-Clark. In January 1981 Golden obtained treatment from Dr. Ben Meyer at Carraway Hospital. Golden did not seek the employer's prior authorization before receiving treatment from Dr. Meyer. There is no contention that the treatment was not necessitated by the injury.
The trial court found that Golden was justified in seeking medical treatment without notification or authorization by the employer, because the employer had neglected or refused to provide the necessary medical care. We hold that there was legal evidence, though disputed, to support the trial court's finding.
We next discuss the issue of whether the trial court lacked jurisdiction to hear Golden's claim for medical benefits incurred more than one year prior to his filing an action for medical benefits. The employer argues that in order for the court to have jurisdiction over the medical expense claims under § 25-5-80, Code of Alabama 1975, the expense must have been incurred within one year immediately preceding the filing of the plaintiff's action for medical expenses. The employer contends that the case of McLain v. GAF Corp., 424 So.2d 1329
(Ala.Civ.App. 1983) is controlling. *Page 438 
The applicable section in this case is § 25-5-80, Code of Alabama 1975. This section provides:
 "In case of a personal injury, all claims for compensation under this article and article 2 of this chapter shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable under this article and article 2 of this chapter or unless within one year after the accident one of the parties shall have filed a verified complaint as provided in section § 25-5-88."
Section 25-5-80 sets forth a one-year statute of limitations for claims requesting workmen's compensation benefits.Cunningham v. Milstead Pulpwood Co., 366 So.2d 737
(Ala.Civ.App. 1979). The statute begins to run from the date of the injury. Morgan v. Rheem Manufacturing Co., 395 So.2d 1030
(Ala.Civ.App. 1981).
We disagree with the employer's contention that McLain stands for the proposition that a claim for medical expenses must be brought within one year of the date that the expense is incurred or it is forever barred. McLain says that an action must be filed within the appropriate time limit for jurisdiction to attach. The appropriate time limit is set forth in § 25-5-80, and is within one year after the accident. Thus, the act necessary to invoke jurisdiction must be done within one year of the accident, not within one year of incurring a medical expense.
The trial court found that Golden properly invoked the jurisdiction of the court when he brought suit against the employer on a workmen's compensation claim in St. Clair County. That action resulted in a consent final judgment which held that Golden was entitled to certain workmen's compensation benefits, and payment of necessary medical treatment. The determination of the obligation of the employer for future medical expenses is therefore final. If there is thereafter dispute, it relates only to necessity, reasonableness and, as here, to proper authorization of treating physicians. We have said that such disputes may be resolved by the court which granted compensation, Champion International Corporation v.Simmons, 398 So.2d 305 (Ala.Civ.App. 1981). We did not say in that case that such court was the only source of relief. After all, basically, such action appears to be one for enforcement of a judgment. In any case, the time limitation of § 25-5-80
does not apply to this action.
We next discuss the issue whether there was any evidence to support the trial court's decision requiring the employer to reimburse Golden for medical expenses which Golden incurred with Orthopaedic Associates, Inc., and which were paid by Medicare or Medicaid. The employer contends that § 25-5-77, Code of Alabama 1975, requires a reduction of the amount of the reimbursement by the amount of Medicare payments.
There is no evidence in the record of what amounts of the bills were paid by Medicaid. Furthermore, payments by Medicaid were not pleaded. Payment of the amount is an affirmative defense which must be pleaded. See Rule 8 (a), A.R.Civ.P. Where a party fails to plead an affirmative defense, it is generally deemed to be waived. Robinson v. Morse, 352 So.2d 1355 (Ala. 1977).
The amount paid by Medicare was shown. However, Medicare has subrogation rights against an injured employee and any amounts he recovers in a lawsuit. In 42 U.S.C. § 1395y (b)(1) it is stated that payment by Medicare is not due "to the extent that payment has been made, or can reasonably be expected to be made . . . with respect to such item or service, under a workmen's compensation law. . . ." No exclusion or limitation in state law can affect Medicare's rights. 42 C.F.R. § 405.323 (b), (c)(3).
The trial court found the federal statutes contain a provision subrogating the Medicare agency to the extent that it has made payments. We agree with this conclusion. Therefore, the exclusion of *Page 439 
benefits found in § 25-5-77 does not operate to reduce the employer's liability.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.