This is a workmen's compensation case concerning the issue of liability for certain medical expenses.
Allen Shane Walley (employee) sustained a work-related injury on November 19, 1985, while employed by Combustion Engineering, Inc. (employer). In April 1988 the parties entered into a consent agreement which was adopted by the trial court and held that the employee was entitled to workmen's compensation benefits. The settlement agreement, however, left open for trial the issues related to the employee's claim for medical benefits.
After an ore tenus hearing concerning the medical expenses, the trial court determined that the employer was liable under the Alabama Workmen's Compensation Act (Act) for certain past medical expenses incurred by the employee. The trial court determined that the medical expenses were for treatment of injuries received by the employee when he was exposed to harmful levels of carbon monoxide while working within the line and scope of his employment. Further, the trial court denied the employee's request for attorney fees.
The employer, through able counsel, appeals and the employee, likewise through able counsel, cross-appeals. We affirm.
The employer's contentions in the main on appeal are (1) that there was no authorization by the employer or its carrier for the medical treatment rendered and (2) that the charges for treatment were not reasonable, necessary, and related to the on-the-job injury. *Page 561 
At the outset we note that our standard of review in workmen's compensation cases is limited to a determination of whether there is any legal evidence to support the trial court's findings of fact. International Paper Co. v. Rogers,500 So.2d 1102 (Ala.Civ.App. 1986). If there is any legal evidence to support the trial court's findings, we must affirm.International Paper Co., 500 So.2d 1102. We may not review the weight or preponderance of the evidence, and, if the factual findings of the trial court are based on conflicting testimony, then these findings are conclusive. International Paper Co.,500 So.2d 1102.
As concerns the employer's argument that it is not liable for the medical expenses simply because it did not authorize them, we find no merit.
Pursuant to Ala. Code (1975), § 25-5-77(a) (1986 Repl.Vol.), an employer is not liable for medical or surgical treatment obtained by the employee without justification or notice to the employer. Kimberly-Clark Corp. v. Golden, 486 So.2d 435
(Ala.Civ.App. 1986). However, the appellate courts of this state have set out several instances of justification for not obtaining authorization from the employer before incurring medical expenses. Among such instances are (1) where the employer has neglected or refused to provide the necessary medical care, (2) where notice of and request for alternative care would be futile, and (3) where other circumstances exist which justify the selection of alternative care by the employee. Kimberly-Clark Corp., 486 So.2d 435.
Here, the record is clear that on numerous occasions the employee was in contact with the employer or its insurance carrier and requested authorization of certain medical treatment. The record is also clear that the employer did not grant such authorization, contending that the requested treatment was not due to a work-related injury. Further, the employer stated in the record that, even "if [the employee] had asked [for further authorization], we wouldn't have allowed it anyway."
As noted above, the trial court determined that the employer was liable for certain medical expenses. In view of the above, we find that there was legal evidence to support the trial court's findings. Put another way, in view of the evidence the trial court could have determined that the employee was justified in seeking medical treatment without notice or authorization by the employer because the employer had refused to grant such authorization. Kimberly-Clark Corp.,486 So.2d 435.
Further, we find that there is legal evidence that such medical expenses were both reasonable and necessary. Suffice it to say that there is testimony from numerous, qualified physicians that the treatment in question was reasonable and necessary and was directly related to the carbon monoxide poisoning. Therefore, in view of our limited standard of review, we cannot say that the trial court erred in finding that the employer was liable for these medical expenses. We particularly reference the testimony of Dr. Arthur Dumont.
The employer also contends that the trial court's judgment is due to be reversed because it does not comply with the requirement of Ala. Code (1975), § 25-5-88, that it set forth findings of fact and conclusions of law. We disagree.
This court has held on numerous occasions that substantial compliance with § 25-5-88 is sufficient. Littleton v. GoldKist, Inc., 480 So.2d 1236 (Ala.Civ.App. 1985). Moreover, even if the trial court's findings are merely meager or omissive, this court may refer to the record to determine if the judgment should be upheld. Littleton v. Gold Kist, Inc.,480 So.2d 1236 (Ala.Civ.App. 1985). At a minimum, the trial court's judgment was meager or omissive, and as already noted, our review of the evidence reveals that the order finding the employer liable is supported by the evidence.
The employee filed a cross-appeal, contending that the trial court erred in denying his request for attorney fees.
We find merit in the employee's argument that he should not be forced to have to pay attorney fees for the recovery *Page 562 
of workmen's compensation medical benefits. However, there is no provision under the Act which provides for the assessment of an attorney fee for obtaining the payment of medical expenses.Day v. Ramada Inn South, 527 So.2d 130 (Ala.Civ.App. 1987). This is a matter for the legislature, not this court, to correct.
This court would be remiss in not commenting that both parties have favored this court with excellent briefs, for which we are grateful.
This case is due to be affirmed.
AFFIRMED.
INGRAM and ROBERTSON, JJ., concur.