ROBERTSON, Presiding Judge.
Rebecca L. Dunn was employed by DCH Regional Medical Center (DCH) as a nurse’s aide when she injured her right knee while at work on February 21, 1990. She received treatment for her injury and, ultimately, surgery. Dr. John Buckley, her treating physician, determined that surgery was necessary. He admitted her into West Alabama General Hospital (WAGH), where the surgery was performed on May 9, 1990.
In December 1991, Dunn filed a workmen’s compensation claim against DCH in Tuscaloosa County Circuit Court. Following an ore tenus proceeding, the trial court entered an order and determined the following, inter alia, with respect to Dunn’s workmen’s compensation claim:
“[Dunn] incurred medical expenses for treatment of her job-related injury, which are found to be reasonable and necessary. They include treatment by Dr. Buckley, physical therapy at Fayette County Hospital, [and] anesthesia for the surgery by Dr. Eugene A. Mangiere. [Dunn’s] surgery was performed at West Alabama [General] *486 Hospital A.M.I. (WAGH), but this treatment was not authorized to be performed at WAGH, and [Dunn] knew it was not authorized.
“... [DCH] is ordered to pay all authorized medical bills including the bill [from] Dr. Buckley, Fayette County Hospital, and Dr. Mangiere.”
(Emphasis added.)
The trial court did not order DCH to pay the WAGH hospital bill, although it did order DCH to pay Dr. Buckley and Dr. Mangiere.
Dunn appeals, contending that the trial court erred in not finding that DCH was liable for the hospital services rendered to Dunn by WAGH.
The record reflects that the surgery was determined to be necessary, with DCH getting a second opinion. The record further reflects that the authorized treating physician, Dr. Buckley, had hospital privileges at both DCH and WAGH. Dunn testified, and it was not disputed, that Dr. Buckley told her that she could choose either WAGH or DCH in which to have her surgery. She testified that at WAGH she would be put to sleep by Dr. Mangiere, with whom she felt comfortable, because he had administered anesthesia to her before and was aware of her asthma problems. Thus, Dr. Buckley admitted Dunn into WAGH for her surgery.
Even though Dr. Buckley had privileges at both DCH and WAGH, DCH contends that it was the only hospital where the surgery was authorized to be performed.
The question becomes: Can an employer “dictate” the hospital that an authorized treating physician may use to perform an authorized surgery?
While DCH happens to be a hospital, it is an “employer” subject to the workmen’s compensation laws of Alabama for purposes of this appeal. If this court holds that DCH, as an employer, could require any necessary surgery to any of its employees to be performed at its own facility, then any other “employer” could likewise dictate that only a particular facility could be used to treat its employees.
Section 25-5-77, Code 1975, provides that the employer shall pay for reasonably necessary surgical treatment, but it does not address whether the employer has the authority to dictate where the surgical treatment may be performed once it has been authorized.
This court has held that a procedure (mye-logram), performed by a physician whose services the treating physician knew were not acceptable to the employer, was authorized because the treating physician had admitted the employee into the hospital and enlisted the services of the other physician. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala. Civ.App.1988).
This court has also noted that “in appropriate instances the employee may recover workmen’s compensation benefits from his employer even though the employee has contracted for medical care from a source other than one provided by the employer.” United States v. Bear Brothers, Inc., 355 So.2d 1133, 1138 n. 2 (Ala.Civ.App.1978). “Under the commonest type of medical benefits clause, the employer is required to furnish ... hospital services.... ” 2 A. Larson, The Law of Workmen’s Compensation § 61.12(a) (1989).
The Supreme Court of Oklahoma has held that the employer cannot dictate to the attending physician the course of procedure that he is to take in the treatment of an employee. Blackstock v. Airington, 153 Okl. 161, 5 P.2d 381 (1931). We hold that, as a general rule, the employer may not dictate to the authorized physician that only a particular hospital or facility can be used to treat an employee.
Dunn was admitted into WAGH by her authorized physician for an authorized surgical procedure. It was stipulated by the parties that the costs of the hospital services rendered by WAGH were reasonable and were necessary. Under the facts of this case, we find DCH to be responsible for those services. The judgment of the trial court is reversed, and the cause is remanded for an entry of a judgment accordingly.
REVERSED AND REMANDED WITH DIRECTIONS.
*487 YATES, J., concurs.
THIGPEN, J., concurs in the result only.