THIGPEN, Judge,
concurring in the result only.
Although I concur with the majority that the cause must be reversed, it appears that the present case as written has the potential of being abused. This case is unique to the extent that the employer and the approved or authorized treatment facility are one and the same. I believe that the issue is not whether an employee has the right to dictate a treatment facility, but whether in this case, authorization or the denial thereof, by the employer was reasonable.
On appeal, our review of workmen’s compensation cases is a two-step process. The first step is to determine if there is any legal evidence to support the trial court’s findings, and if such evidence exists, then the second step is to determine “whether any reasonable view of that evidence supports the trial court’s judgment.” Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991). For ore tenus proceedings, that standard of review is “applicable only to the trial court’s findings of fact, not its conclusions of law.” Ex parte Cash, 624 So.2d 576 (Ala.1993).
Ala.Code 1975, § 25-5-77(a), has been interpreted to mean that an employer is not liable for treatment obtained by ah employee without justification or prior notice to' the employer. Kimberly-Clark Corporation v. Golden, 486 So.2d 435 (Ala.Civ.App.1986); United States v. Bear Brothers, Inc,, 355 So.2d 1133 (Ala.Civ.App.1978). Instances of justification for failing to obtain an employer’s authorization prior to incurring medical expenses have been listed by this court as:
“(1) where the employer has neglected or refused to provide the necessary medical care; (2) where the employer has consented to the selection by the employee; (3) where notice of and request for alternative care would be futile; and (4) where other circumstances exist which justify the selection of alternative care by the employee.” Kimberly-Clark at 437.
In Kimberly-Clark, the employee was found to be authorized to seek alternative medical treatment because the employer neglected to or refused to provide the necessary medical care. In the instant case, Dunn testified that because of an asthma condition, she preferred having her surgery at WAGH, where the anesthesiologist was known by her and had successfully treated her in the past. Her special condition which required special care, together with evidence that the two facilities were comparable, are circumstances which could justify a selection of alternative treatment facilities.
In a more recent case, we held that a trial court could have determined that an employee was justified in seeking medical treatment without notice or authorization by the employer because the employer had previously refused to grant such authorization. Combustion Engineering, Inc. v. Walley, 541 So.2d 560 (Ala.Civ.App.1989). The trial court in Combustion Engineering found the medical expenses in question to be reasonable, necessary, and related to the work-related injury, and, under our limited standard of review, we could not find that the trial court erred in finding the employer liable for certain unauthorized medical expenses.
In the case sub judice, it was stipulated that the surgery and its related expense were both necessary and reasonable. Accordingly, DCH’s prior notice to Dunn that it would not approve surgery at WAGH, as well as Dunn’s prior treatment by WAGH’s anesthesiologist, could justify her selection of alternative treatment at WAGH without DCH’s authorization. It also appears that further requests to DCH for Dunn to have treatment at WAGH would have been futile. Ala.Code 1975, § 25 — 5—77(a); Kimberly-Clark, supra.
Our opinions in Kimberly-Clark and Combustion Engineering attempt to limit the instances wherein an employee is justified in seeking medical treatment without notice or authorization by an employer. We should not disregard those restraints.