638 So.2d 1339 (1993)
CITY OF AUBURN
v.
Roger BROWN.
AV92000067.
Court of Civil Appeals of Alabama.
September 24, 1993.
Rehearing Denied December 10, 1993.
Certiorari Denied April 1, 1994.
Michael B. Maddox and Jeff W. Parmer of Woodall & Maddox, P.C., Birmingham, for appellant.
Kenneth F. Ingram, Jr. of Morris, Haynes, Ingram & Hornsby, Alexander City, for appellee.
Alabama Supreme Court 1930397.
ROBERTSON, Presiding Judge.
On April 23, 1992, the City of Auburn (employer) filed a complaint against Roger Brown for the determination of a disputed workmen's compensation claim. Brown answered and counterclaimed against the employer for workmen's compensation benefits owed to him.
The depositions of Brown, his treating physician, and the two other physicians who had examined him were taken. The record reflects that on September 17, 1991, Brown injured his back while working as chief of the city tree service crew. Brown sought and received medical treatment at Auburn Family Care until December 5, 1991. He was then referred to Dr. J. Kenyon Rainer, an Opelika neurosurgeon, because of continued back problems. Dr. Rainer diagnosed Brown as having disc herniations at the L4-5 and L5-S1 areas of his lumbar spine and *1340 concluded that he needed surgery to correct the problem. The employer, however, did not approve the surgery for Brown. Instead, it asked Brown to get a second opinion from Dr. Charles Clark, a neurosurgeon in Birmingham. Dr. Clark determined that Brown had strained his lumbar spine, and his recommendation was physical therapy, instead of surgery, to treat the injury.
Brown returned to Dr. Rainer, but his employer would not approve surgery to treat Brown's injury. The employer asked Brown to see another neurosurgeon, Dr. Carvel Woodall, in Birmingham. Dr. Woodall was of the opinion that Brown was suffering from an acute and chronic lumbar strain. His recommendation was for intensive physical therapy.
All of the doctors agreed that Brown was not at maximum medical improvement. Brown expressed a desire to have the surgery to correct his injury; however, his employer refused to approve the procedure.
Both parties requested separate trials to determine the proper course of medical treatment and the issue relating to permanent disability once Brown has reached maximum medical improvement. The issue of proper medical treatment was submitted to the trial court on the depositions and the motions of the parties. The trial court entered an order, finding the following:
"The facts as they relate to medical treatment offered to [Brown] are unusual. Following the injury to [Brown], [the employer] approved medical treatment for him with Dr. Kenyon Rainer, a Lee County neurosurgeon. Dr. Rainer has recommended surgery to correct the back injury suffered by [Brown].
"[The employer] then requested a second and third opinion from Birmingham neurosurgeons, Dr. Charles Clark and Carvel Woodall. These physicians recommended that [Brown] be treated with aggressive physical therapy rather than surgery.
"[Brown] wants surgery. [The employer] wants [Brown] to submit to aggressive physical therapy. The parties cannot agree, and the Court is placed in the position of deciding which course of medical treatment should be afforded [to Brown].
"This Court finds that each of the three doctors [is a] qualified neurosurgeon and that [the employer] approved, at least initially, each as a treating physician for [Brown]. The Court finds that the decision should rest with [Brown], and he is hereby authorized to seek treatment recommended by any one of the three surgeons."
This order was made a final order pursuant to Rule 54(b), A.R.Civ.P., as to the issue of proper medical treatment for Brown.
The employer appeals, raising two issues. The first is whether the trial court erred in failing to set forth findings of fact in support of its order; the second is whether the trial court erred in ruling that the decision between conflicting medical opinions as to the reasonable and necessary course of treatment of an employee in a workmen's compensation action should be left to the employee.
We find the dispositive issue to be whether an employer can dictate the course of treatment for an injured employee after the employee is under the care of a physician authorized by the employer as a treating physician.
In determining who the treating physician will be in a workmen's compensation case, the drafters of the applicable Alabama statute took into consideration two desirable values. Professor Larson describes the values as follows:
"The first is the value of allowing an employee, as far as possible, to choose his own doctor. This value stems from the confidential nature of the doctor-patient relation, from the desirability of the patient's trusting the doctor, and from various other considerations. The other desirable value is that of achieving the maximum standards of rehabilitation by permitting the compensation system to exercise continuous control of the nature and quality of medical services from the moment of injury. If the injured employee has completely unlimited free choice of his doctor, in some cases he may select a doctor, because of personal relationship or acquaintance, *1341 who is not qualified to deal with the particular kind of case, or who at any rate is incapable of providing service of the quality required for the optimum rehabilitation process."
2 A. Larson, The Law of Workmen's Compensation § 61.12(b), at 10-790 (1989).
Section 25-5-77, Ala.Code 1975, deals with the procedure in Alabama for choosing treating physicians in workmen's compensation cases. Section 25-5-77(a) reads as follows:
"If the employee is dissatisfied with the initial treating physician selected by the employer and if further treatment is required, the employee may so advise the employer, and the employee shall be entitled to select a second physician from a panel or list of four physicians selected by the employer. If surgery is required and if the employee is dissatisfied with the designated surgeon, he or she may so advise the employer, and the employee shall be entitled to select a second surgeon from a panel or list of four surgeons selected by the employer."
By developing a system for the selection of a treating physician in § 25-5-77, the Alabama Legislature was apparently attempting to strike a balance between the two values.
Implicit in such a system is that the physicians, who are approved by the employer as treating physicians, are competent medical doctors equipped with the knowledge to properly and adequately treat the injuries which are presented to them by the employee.
The Supreme Court of Oklahoma has held that the employer cannot dictate to the attending physician the course of procedure that he is to take in the treatment of an employee. Blackstock v. Airington, 153 Okla. 161, 5 P.2d 381 (1931). We do not interpret the legislature as intending to allow the employer to select a panel of physicians who can be used as treating physicians and also give the employer the power to dictate the procedures the chosen physician will perform. This defeats the very purpose of allowing the employee to select his treating physician from the employer's list of authorized physicians.
Moreover, this court has delineated instances of justification for failing to obtain an employer's authorization prior to incurring medical expenses as:
"(1) where the employer has neglected or refused to provide the necessary medical care; (2) where the employer has consented to the selection by the employee; (3) where notice of and request for alternative care would be futile; and (4) where other circumstances exist which justify the selection of alternative care by the employee."
Kimberly-Clark Corp. v. Golden, 486 So.2d 435, 437 (Ala.Civ.App.1986); United States v. Bear Brothers, Inc., 355 So.2d 1133 (Ala.Civ. App.1978).
In Kimberly-Clark, the employee was found to be authorized to seek alternative medical treatment because the employer neglected to or refused to provide the necessary medical care. In a more recent case, this court held that a trial court could have determined that an employee was justified in seeking medical treatment without notice or authorization by the employer because the employer had previously refused to grant such an authorization. Combustion Engineering, Inc. v. Walley, 541 So.2d 560 (Ala. Civ.App.1989).
In the instant case, Brown went to an authorized physician, accepted and agreed to his recommended course of treatment; however, the employer refused to approve the necessary surgery. We hold that, as a general rule, the employer may not dictate to the employee that he may not have the medical treatment recommended by his authorized, treating physician.
We further hold that the trial court did not err in authorizing Brown to seek the surgical treatment recommended by Dr. Rainer, who was authorized by the employer to be Brown's treating physician.
The trial court's judgment is affirmed.
AFFIRMED.
YATES, J., concurs.
THIGPEN, J., concurs in the result only.
*1342 THIGPEN, Judge, concurring in the result only.
Although I concur with the majority that the cause must be affirmed, it appears to me that this case, like Dunn v. DCH Regional Medical Center, 632 So.2d 485 (Ala.Civ.App. 1993), has the potential of being abused. The issue here is not whether an employer can dictate the course of an employee's treatment, but whether the trial court erred in allowing the employee to determine his own course of treatment.
Our review of workmen's compensation cases is a two-step process. The first step is to determine if there is any legal evidence to support the trial court's findings, and if such evidence exists, then the second step is to determine "whether any reasonable view of that evidence supports the trial court's judgment." Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991). For ore tenus proceedings, that standard of review is "applicable only to the trial court's findings of fact, not its conclusions of law." Ex parte Cash, 624 So.2d 576 (Ala.1993).
Initially, I must note that the majority opinion failed to address what it referred to as the employer's first issue. The employer contends that the trial court failed to sufficiently set forth findings of fact to support its order.
Ala.Code 1975, § 25-5-88, requires that a judgment in a workmen's compensation case contain findings of fact and conclusions of law. The purpose of the requirement is to "ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts." Elbert Greeson Hosiery Mills, Inc. v. Ivey, 472 So.2d 1049, 1052 (Ala.Civ.App.1985). Substantial compliance has been held to be sufficient, and "if the finding is merely meager or omissive, this court will look to the evidence to see if the trial court's judgment can be sustained." Littleton v. Gold Kist, Inc., 480 So.2d 1236, 1238 (Ala.Civ.App.1985). (Citation omitted.)
Our review of the entire record reveals that the facts relating to Brown's medical treatment were adequately recited by the trial court. We find no error.
My primary concern regarding the majority opinion pertains to the employer's second issue, which I understand to be whether the trial court erred by finding that Brown could determine his own course of medical treatment.
In the case sub judice, Brown was treated for nearly three months by Dr. Rainer, a physician that was authorized by the employer. Ultimately, when surgery was recommended by Dr. Rainer, the employer refused to approve the procedure and requested additional medical opinions. The additional opinions did not recommend surgery. The record, however, reveals that Brown was willing to undergo surgery in an effort to resume gainful employment.
While I agree with that part of the majority opinion that states that Brown was justified in seeking the surgery recommended by Dr. Rainer, I disagree with that part of the majority opinion that holds, as a general rule, that "the employer may not dictate to the employee that he may not have the medical treatment recommended by his authorized, treating physician." That holding is not relevant to the issues presented.
We were not asked to consider what the role of the employer should be where there are conflicting medical opinions among authorized physicians; rather, we were asked to examine the role of the employee in those circumstances. I agree that the trial court acted properly in finding that Brown should seek the surgical treatment; however, I do so pursuant to a different analysis.
In both G.C. Colyer & Co. v. McAdams, 562 So.2d 1326 (Ala.Civ.App.1990), and Sunnyland Foods, Inc. v. Catrett, 395 So.2d 1005 (Ala.Civ.App.1980), the employer authorized the injured employee to choose his own physician, and then it attempted to withdraw that delegation. Because the employee in each case was satisfied with the initial treating physician, there was no reason for a second physician to be consulted. See Ala. Code 1975, § 25-5-77(a). Likewise, in the case sub judice, after the employer authorized Dr. Rainer to treat Brown, and Brown was satisfied with Dr. Rainer, the employer lost all authority to withdraw authorization *1343 and to select another physician. Our opinions in Colyer and Sunnyland are clearly applicable to the instant fact situation.
Based upon the foregoing, I concur in the affirmation of the trial court's decision authorizing Brown to proceed with the surgical procedure. The issue of whether an employer may dictate to an employee a course of treatment, however, is another matter that shall be addressed by this court when presented.