Although I concur with the majority that the cause must be affirmed, it appears to me that this case, like Dunn v. DCHRegional Medical Center, 632 So.2d 485 (Ala.Civ.App. 1993), has the potential of being abused. The issue here is not whether an employer can dictate the course of an employee's treatment, but whether the trial court erred in allowing the employee to determine his own course of treatment.
Our review of workmen's compensation cases is a two-step process. The first step is to determine if there is any legal evidence to support the trial court's findings, and if such evidence exists, then the second step is to determine "whether any reasonable view of that evidence supports the trial court's judgment." Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93
(Ala. 1991). For ore tenus proceedings, that standard of review is "applicable only to the trial court's findings of fact, not its conclusions of law." Ex parte Cash, 624 So.2d 576 (Ala. 1993).
Initially, I must note that the majority opinion failed to address what it referred to as the employer's first issue. The employer contends that the trial court failed to sufficiently set forth findings of fact to support its order.
Ala. Code 1975, § 25-5-88, requires that a judgment in a workmen's compensation case contain findings of fact and conclusions of law. The purpose of the requirement is to "ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts." Elbert Greeson Hosiery Mills, Inc. v. Ivey,472 So.2d 1049, 1052 (Ala.Civ.App. 1985). Substantial compliance has been held to be sufficient, and "if the finding is merely meager or omissive, this court will look to the evidence to see if the trial court's judgment can be sustained." Littleton v.Gold Kist, Inc., 480 So.2d 1236, 1238 (Ala.Civ.App. 1985). (Citation omitted.)
Our review of the entire record reveals that the facts relating to Brown's medical treatment were adequately recited by the trial court. We find no error.
My primary concern regarding the majority opinion pertains to the employer's second issue, which I understand to be whether the trial court erred by finding that Brown could determine his own course of medical treatment.
In the case sub judice, Brown was treated for nearly three months by Dr. Rainer, a physician that was authorized by the employer. Ultimately, when surgery was recommended by Dr. Rainer, the employer refused to approve the procedure and requested additional medical opinions. The additional opinions did not recommend surgery. The record, however, reveals that Brown was willing to undergo surgery in an effort to resume gainful employment.
While I agree with that part of the majority opinion that states that Brown was justified in seeking the surgery recommended by Dr. Rainer, I disagree with that part of the majority opinion that holds, as a general rule, that "the employer may not dictate to the employee that he may not have the medical treatment recommended by his authorized, treating physician." That holding is not relevant to the issues presented.
We were not asked to consider what the role of the employer should be where there are conflicting medical opinions among authorized physicians; rather, we were asked to examine the role of the employee in those circumstances. I agree that the trial court acted properly in finding that Brown should seek the surgical treatment; however, I do so pursuant to a different analysis.
In both G.C. Colyer Co. v. McAdams, 562 So.2d 1326
(Ala.Civ.App. 1990), and Sunnyland Foods, Inc. v. Catrett,395 So.2d 1005 (Ala.Civ.App. 1980), the employer authorized the injured employee to choose his own physician, and then it attempted to withdraw that delegation. Because the employee in each case was satisfied with the initial treating physician, there was no reason for a second physician to be consulted. See Ala. Code 1975, § 25-5-77(a). Likewise, in the case sub judice, after the employer authorized Dr. Rainer to treat Brown, and Brown was satisfied with Dr. Rainer, the employer lost all authority to withdraw authorization *Page 1343 
and to select another physician. Our opinions inColyer and Sunnyland are clearly applicable to the instant fact situation.
Based upon the foregoing, I concur in the affirmation of the trial court's decision authorizing Brown to proceed with the surgical procedure. The issue of whether an employer may dictate to an employee a course of treatment, however, is another matter that shall be addressed by this court when presented.