CRAWLEY, Judge,
concurring in part and dissenting in part.
Con-Fab (the “company”) raises two issues on appeal: (1) whether Duke (the “worker”) is permanently totally disabled and (2) whether the trial court erred in ordering it to pay for certain medical expenses, which it contends were unauthorized. I concur with the majority’s affirmance without opinion on the issue of the worker’s disability rating; however, I must respectfully dissent as to affirming the trial court’s ruling that the company did not raise the issue of the authorization of certain medical expenses.
Before the trial commenced, the trial court stated:
“The issues in this case are the degree of permanent or partial disability. The parties agree that they are subject to the aet[,] that the employee/employer [relationship] existed [at] the [time of the] accident [, and] ... in the meaning of the act notice was given.
“Average weekly wage, including all fringes resulting in a benefit amount of $311.67. Temporary total has been paid for sixty-one weeks. $19,011.87 permanent partial, $5,610.06 being eighteen weeks.
“Like I say, the issues of permanent partial or permanent total and attorney fees.”
The worker argues that the above statements by the trial court amounted to a stipulation as to the issue of medical expenses. We do not agree. The parties did specifically stipulate to the issues of coverage pursuant to the Act, notice, and the average weekly wage. The parties did not explicitly stipulate as to the amount of authorized medical expenses. Furthermore, the trial court questioned the worker whether the treatments by Dr. Morris were authorized; the worker replied, “No,” and the worker’s attorney did not object to the question. Therefore, I must conclude that even if the parties had stipulated the amount of medical expenses, the worker consented to the trial of that issue by not objecting to the question regarding the authorization of those treatments. International Rehabilitation Associates, Inc. v. Adams, 613 So.2d 1207 (Ala.1992).
The worker also argues that the company failed to preserve the issue of the authorization of the medical expenses for appellate review. After the trial court ordered the company to pay for the treatments by Dr. Morris, the company filed a post-judgment motion challenging that portion of the judgment. Therefore, the company properly preserved the issue for appellate review. Rule 52(b), Ala. R. Civ. P.
The company contends that it did not authorize that treatment, and, therefore, is not hable for payment. In Combustion Engineering, Inc. v. Walley, 541 So.2d 560 (Ala.Civ.App.1989), this court stated:
“Pursuant to Ala. Code (1975), § 25-5-77(a) (1986 Repl.Vol.), an employer is not liable for medical or surgical treatment *1071 obtained by the employee without justification or notice to the employer. Kimberly-Clark Corp. v. Golden, 486 So.2d 435 (Ala.Civ.App.1986). However, the appellate courts of this state have set out several instances of justification for not obtaining authorization from the employer before incurring medical expenses. Among such instances are (1) where the employer has neglected or refused to provide the necessary medical care, (2) where notice of and request for alternative care would be futile, and (3) where other circumstances exist which justify the selection of alternative care by the employee. Kimberly-Clark Corp., 486 So.2d 435.”
Id. at 561.
The only evidence relating to the company’s authorization of Dr. Morris’s treatment is the worker’s admission that he did not have authorization to seek treatment from Dr. Morris. The worker presented no evidence of any of the exceptions to the authorization requirement of § 25-5-77(a) set out in the Combustion Engineering case that would require the company to pay for the unauthorized treatment. Therefore, I would hold that the worker is not entitled to reimbursement for those medical expenses, and I must respectfully dissent as to that issue.