PITTMAN, Judge.
Continental Grain Company (hereinafter “Continental”) appeals from an order of *671 the trial court directing it to pay for an employee’s surgery to be performed by an unauthorized physician in a workers’ compensation action.
The plaintiff, Lola Dianne Maier, obtained a judgment against her employer, Continental, in a workers’ compensation action filed in January 31, 1997. The judgment, dated February 9, 1999, found Maier to be “entitled to the full benefits of the [Workers’] Compensation laws of the State of Alabama and specifically to medical care and treatment.” On August 24, 2000, Maier filed a declaratory-judgment action, requesting a judgment that surgery, necessitated by the injury underlying her workers’ compensation action, be performed by a physician not authorized by Continental and ordering Continental to pay the costs associated with that surgery. After taking ore tenus testimony, the trial court ordered Continental to pay the costs of the surgery to be performed by the physician Maier had chosen.
Maier originally had seen a number of physicians before her workers’ compensation claim was tried. After the judgment in her favor, trial counsel for Maier wrote to counsel for Continental asking the counsel to designate a treating physician for Maier. Counsel for Continental designated Dr. Davie. Continental made an appointment for Maier to see Dr. Davie. Dr. Davie’s conclusion was that while a discec-tomy and fusion of the vertabrae in her neck constituted a “viable and reasonable approach” to treating her condition, he indicated that whether or not any benefit would be had from such a procedure was problematic. His deposition testimony provided at the hearing indicated that he had been asked to, and in fact did, conduct an evaluation of Maier. His report also indicated that he would be very reluctant to recommend the surgery on her neck and he pointedly stated that while it would not be malpractice to perform the surgery, he simply would not do it, given the radio-graphic findings and the absence of objective neurological deficit. He stated that he felt Maier would best be treated conservatively, i.e., without surgery.
Trial counsel for Continental then sent a letter to trial counsel for Maier, indicating that no medical records had concluded that surgery for Maier was “necessary.” Counsel for Maier then wrote counsel for Continental requesting that Maier be authorized to receive treatment (i.e., surgery) from Dr. White, one of the physicians Maier had seen on her own in conjunction with the earlier workers’ compensation claim. Continental declined, and counsel for Maier requested a list of four doctors from which Maier could chose another doctor. Continental tendered the names of four neurosurgeons. From that list, Maier chose Dr. Andrade. An appointment was scheduled, and Maier went to see Dr. Andrade. Dr. Andrade found, as did Dr. Davie, no objective neurological deficits. He also stated in deposition testimony that he did not think anything could be done for her “beyond just seeing her.” Dr. Andrade stated that he instructed Maier to return as needed, and that he was not sure whether she would come back to see him or one of the other five or six doctors she had consulted previously.
On review, we note that the Workers’ Compensation Act provides that “in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” § 25-5-81(e)(2). The Alabama Supreme Court has defined “substantial evidence” as “ ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996), quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
*672 Section 25-5-77, Ala.Code 1975, deals with the procedure in Alabama for choosing treating physicians in workers’ compensation cases. Section 25-5-77(a) reads, in part, as follows:
“If the employee is dissatisfied with the initial treating physician selected by the employer and if further treatment is required, the employee may so advise the employer, and the employee shall be entitled to select a second physician from a panel or list of four physicians selected by the employer. If surgery is required and if the employee is dissatisfied with the designated surgeon, he or she may so advise the employer, and the employee shall be entitled to select a second surgeon from a panel or list of four surgeons selected by the employer.”
Additionally, this court has delineated those instances in which an employee is justified in failing to obtain an employer’s authorization prior to incurring medical expenses as:
“(1) where the employer has neglected or refused to provide the necessary medical care; (2) where the employer has consented to the selection by the employee; (3) where notice of and request for alternative care would be futile; and (4) where other circumstances exist which justify the selection of alternative care by the employee.”
Kimberly-Clark Corp. v. Golden, 486 So.2d 435, 437 (Ala.Civ.App.1986); United States v. Bear Brothers, Inc., 355 So.2d 1133 (Ala.Civ.App.1978).
The trial court, in its order, stated that the “Defendant has faded through flagrant neglect or otherwise to provide Mrs. Maier with the medical services to which she has been entitled.” The trial court notes at great length in its order that Maier felt as though neither Dr. Davie nor Dr. Andrade “took her as a patient.” The trial court appears to have ruled that, once it found Maier successful in her original workers’ compensation claim, she was “entitled” to the treatment recommended by one unauthorized surgeon, even though both of the authorized surgeons supplied by Continental did not recommend that same treatment, i.e., surgery. This is not the law in Alabama.
Of the cases the trial court cited in its order, only two directly address the exception, as stated above, for an “employer [who] has neglected or refused to provide necessary medical care.” In the case of Kimberly-Clark Corp. v. Golden, 486 So.2d 435 (Ala.Civ.App.1986), we upheld the trial court’s finding that the employee was justified in seeking medical treatment without notification to, or authorization by, the employer, because the employer had neglected or had refused to provide necessary medical care. The evidence before the trial court showed that the employer had previously refused a bill for medical services to the employee, stating it would not cover the expense because Golden was no longer employed by Kimberly-Clark. In the case of Combustion Engineering, Inc. v. Walley, 541 So.2d 560 (Ala.Civ.App.1989), we held that an employee was justified in seeking medical treatment without notice to, or authorization by, the employer because the employer had refused to grant such authorization. The evidence in Wal-ley showed that the employee had on numerous occasions requested authorization for medical treatment and that the authorization was flatly refused. Clearly, both of these cases deal with the outright refusal of the employers to provide authorization at the request of the employee and are not applicable to the present case.
In this case, Continental, following § 25-5-77(a), provided Maier with two separate surgeons. The record indicates that Maier specifically requested that Continental provide her with a neurosurgeon and Continental complied with her re *673 quest. The record indicates that Continental has complied with the statute, and a thorough review of the record leads us to the conclusion that there was not substantial evidence to support the trial court’s finding that Continental neglected or refused to provide necessary medical care. For the foregoing reasons, we reverse the trial court’s judgment and render a judgment in favor of Continental.
REVERSED AND JUDGMENT RENDERED.
CRAWLEY and THOMPSON, JJ„ concur.
YATES, P.J., and MURDOCK, J„ dissent.