The wife appeals from a trial court order enforcing an oral separation agreement and from the denial of her motion to set aside the purported agreement. We hold that an order enforcing such an agreement prior to the entry of a judgment of divorce is not a final judgment which can support an appeal. We therefore dismiss the appeal as premature.
The facts material to our dismissal of the appeal can be summarized as follows: Billy Joe Tidwell (husband) sued Mae W. Tidwell (wife) for divorce; she answered and counterclaimed for divorce. On the day set for trial, the parties and counsel met to discuss a settlement. An oral separation agreement and property settlement was apparently reached between the parties. The trial did not take place. The husband subsequently filed a motion to have the agreement enforced. The wife filed a motion to set aside the agreement and to set the case for trial on the merits.
At a hearing on the existence and enforceability of the agreement, the court, over the objection of the wife, heard evidence on whether there was fraud or duress in the formation of the agreement. It determined there was no fraud or duress in the making of the agreement. The court ordered that the agreement be enforced within ten days. The wife filed a motion to reconsider and rehear the order so entered. A hearing was held and the trial court reaffirmed its earlier order enforcing the oral agreement. The court denied wife's motion for an evidentiary hearing to determine the fairness of the purported *Page 92 
agreement. The wife then filed a motion for injunctive relief and/or contempt and to stay the order, upon which the trial court has not yet ruled. She appealed to this court.
We requested that the parties file supplemental briefs on the issue of whether the enforcement of the agreement was a final judgment from which an appeal could be taken. Having considered their response to our request, we hereby dismiss the appeal as premature, because it was not from a final judgment.
To support an appeal, an order appealed from must be a final judgment. Kelley v. U.S.A. Oil Corporation, 363 So.2d 758 (Ala. 1978). A "final judgment" is a terminal decision which demonstrates there has been complete adjudication of all matters in controversy between the litigants. Holland v.Holland, 406 So.2d 877 (Ala. 1981). In this case, there has been no divorce decree adopting the alleged agreement. The judgment entered is nothing more than a finding that there was an oral agreement in contemplation of a divorce and an order against the wife for specific performance within ten days. The basic controversy — that of divorce — remains.
This court has never before been presented with a case wherein an alleged oral property settlement is being enforced prior to entry of a decree of divorce which has incorporated such settlement. It seems to us that such a settlement has no efficacy except as a part of a final divorce decree. The entry of that decree is the condition upon which the settlement depends for enforceability. If the court does not accept and incorporate the agreement, in whole or in part, into the divorce decree, there is no basis for its enforcement. It is not required to approve or incorporate an agreement of the parties in molding its judgment. Bass v. Bass, 434 So.2d 280
(Ala.Civ.App. 1983). This action is one for divorce, not an action on a contract. Whether there is an agreement for a property settlement between the parties is merely one element of the proceeding toward the finale — the entering of a divorce and the ending of the marital relationship.
This appeal is not a Rule 54 (b) appeal under our Rules of Civil Procedure. It is an effort to bring a piecemeal appeal upon a matter that would be reviewable on appeal from the final decree. We recognize that there is an entry of the court for execution of its judgment. This court does not now speak to its propriety. However, there may be available means of maintaining the status quo other than by appeal.
We have taken the ex mero motu action of recognizing the absence of a final and appealable judgment in order to avoid multiple appeals of one cause of action in future cases. Powellv. Republic National Life Insurance Co., 293 Ala. 101,300 So.2d 359 (1974). The appeal is therefore dismissed for lack of final judgment.
APPEAL DISMISSED.
BRADLEY and HOLMES, JJ., concur.