This case concerns the granting of a summary judgment against Dees and Tucker (appellants). However, before reaching the issue regarding that ruling, we must first determine the timeliness of the appeal as challenged by the State in its motion to dismiss.
The pertinent facts are as follows: An order was entered by the trial court on September 21, 1989, which stated, inter alia, that appellant Dees was liable for payment of $800, an amount stipulated, and that "[s]aid $800 shall be paid to the county treasury by Monroe County being allowed to remove $800 worth of gravel at the rate of $.15 per cubic yard from the gravel pit located on the Ledford Brown property pursuant to the agreement attached hereto." (Emphasis added.)
The agreement was not attached to the order. On November 6, 1989, some 46 days after entry of this order, appellants filed a notice of appeal. The clerk certified the record on appeal as complete on December 1, 1989. On January 8, 1990, appellants petitioned this court to consolidate a copy of the agreement filed the same date, with the record, on appeal. At the same time, appellants again filed a notice of appeal.
The State filed a motion to dismiss the appeal pursuant to Rule 2(a)(1), Alabama Rules of Appellate Procedure, for failure to timely perfect the appeal. Appellants responded by contending that the order did not become a final appealable order until the agreement was filed on January 8, 1990, and that the appeal was timely perfected after that date.
We must first determine whether the order of September 21, 1989, was a final order. It is undisputed that if the order entered on September 21, 1989, is a final order, the appeal is untimely and must suffer dismissal. Rule 2(a)(1), A.R.App.P.
It is well settled that an appeal will lie only from final orders or judgments unless otherwise provided by statute. § 12-22-20, Ala. Code 1975; Wolf v. Smith, 414 So.2d 129
(Ala.Civ.App. 1982). A summary judgment rendered on all the issues presented, or for all the relief requested, is a final order which can support a timely appeal. Gamble v. First AlabamaBank, 404 So.2d 688 (Ala.Civ.App. 1981).
Appellants argue that the judgment of September 21, 1989, was not final until the agreement was filed, contending that the agreement was an integral part of the order. *Page 1061 
It is well established that a final judgment is a "terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants." Tidwell v. Tidwell, 496 So.2d 91, 92
(Ala.Civ.App. 1986). Further, the judgment must be conclusive and certain with all matters decided, including the assessment of damages with specificity for a sum certain determinable without resorting to extraneous facts, Jewell v. Jackson WhitsittCotton Co., 331 So.2d 623 (Ala. 1976).
Clearly, here the judicial labor ended and nothing unfinished or inconclusive remained after the entry of the September 21, 1989, order. There is no reason to return to the trial court, as there is nothing to be done but to enforce what has been determined. The issue of liability was determined and the parties had stipulated the amount of damages. The certainty of the method of payment was established, that is, the payment in gravel at a specific valuation. We have examined the "agreement" as supplied by the appellant and find that the agreement simply specifies the conditions imposed by the landowner for the removal of the gravel from his property. It changes nothing in the original order.
In reviewing the entire record, we find that the order entered by the trial court on September 21, 1989, evidenced the trial court's intention to adjudicate all matters concerning the parties, and was, therefore, a final appealable order. The appellants' notice of appeal was untimely filed and this appeal is due to be dismissed.
APPEAL DISMISSED.
INGRAM, P.J., and RUSSELL, J., concur.