ROBERTSON, Presiding Judge.
An interlocutory order was entered by the Juvenile Court of Limestone County on *1078 April 6, 1992, which provided that the father would have supervised visitation with his minor child for one hour on April 15, 1992, and that following the visitation, a hearing would be held to review the issue of visitation. The trial court’s order specifically provided that “[t]his is an interlocutory decree and is not a final decree.” On April 15, 1992, the mother filed her notice of appeal to this court.
It is well settled that to support an appeal, the order appealed from must be a final judgment. Tidwell v. Tidwell, 496 So.2d 91 (Ala.Civ.App.1986). A final judgment is a “terminal decision which demonstrates there has been complete adjudication of all matters in controversy between the litigants.” Tidwell at 92.
Clearly, in this case, the mother is appealing from an interlocutory order and not a final appealable order. Therefore, this appeal must be dismissed.
APPEAL DISMISSED.
THIGPEN and RUSSELL, JJ., concur.