This is a workmen's compensation action seeking payment of medical expenses. The trial court entered a judgment for the plaintiff, Charles R. Poston (the "worker"), and GAF Corporation (the "company") appeals.
The payment of medical expenses regarding the medical treatment rendered and prescribed by Dr. Rodning is the only issue on appeal. All other issues were reserved for further action by the trial court. The trial court entered an order pursuant to Rule 54(b), A.R.Civ.P., making its order regarding the medical expenses final.
The issues are (1) whether the worker was excused from obtaining authorization for medical treatment, (2) whether the injury was work-related, (3) whether the company must pay medical expenses already paid by the worker's private health insurance plan, and (4) whether the evidence supports the amount of medical expenses awarded by the trial court.
The worker's injury occurred in August 1991. The review of this case is governed by Ala. Code 1975, § 25-5-1 et seq., the Workmen's Compensation Act, as it was in effect before the amendments of May 19, 1992.
Under the Workmen's Compensation Act, the standard of appellate review is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala. 1991). Where one reasonable view of the evidence supports the trial court's judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome. Ex parte Veazey,637 So.2d 1348 (Ala. 1993).
The worker suffered an on-the-job injury, a hernia on the right side. He was treated by several physicians and underwent several operations, for which the company paid.
The worker continued to have pain and was dissatisfied with his previous physicians. The worker's family physician referred him to Dr. Rodning, who performed surgery.
The company contends that the worker was not authorized to obtain the medical treatment from Dr. Rodning and was not justified in proceeding in the absence of authorization *Page 1227 
from the company. In Combustion Engineering, Inc. v. Walley,541 So.2d 560 (Ala.Civ.App. 1989), this court stated:
 "Pursuant to Ala. Code (1975), § 25-5-77(a) (1986 Repl.Vol.), an employer is not liable for medical or surgical treatment obtained by the employee without justification or notice to the employer. Kimberly-Clark Corp. v. Golden, 486 So.2d 435
(Ala.Civ.App. 1986). However, the appellate courts of this state have set out several instances of justification for not obtaining authorization from the employer before incurring medical expenses. Among such instances are (1) where the employer has neglected or refused to provide the necessary medical care, (2) where notice of and request for alternative care would be futile, and (3) where other circumstances exist which justify the selection of alternative care by the employee. Kimberly-Clark Corp., 486 So.2d 435.
 "Here, the record is clear that on numerous occasions the employee was in contact with the employer or its insurance carrier and requested authorization of certain medical treatment. The record is also clear that the employer did not grant such authorization, contending that the requested treatment was not due to a work-related injury. Further, the employer stated in the record that, even 'if [the employee] had asked [for further authorization], we wouldn't have allowed it anyway.' "
541 So.2d at 561 (brackets added by the court inWalley).
Before this surgery, the worker (1) notified the company of the needed surgery, (2) furnished additional documentation at the company's request, (3) was told by a company representative "[W]e'll see about taking care of this," and (4) was never told the surgery was not approved. The trial court held that the worker "was justified in not obtaining direct authorization from the employer prior to incurring medical expenses."
The company representative's statement — "[W]e'll see about taking care of this" — is, at least, impliedly conveying to the worker the impression that the company has authorized or will authorize the medical treatment. Jasper Community Hosp.,Inc. v. Hyde, 419 So.2d 594 (Ala.Civ.App. 1982).
We find sufficient legal evidence to support the trial court's findings. The trial court could have determined that the worker was justified in seeking medical treatment without notice to, or authorization by, the company because it either had refused to grant such authorization or had led him to believe that the company had authorized the medical treatment.
Further, we find sufficient legal evidence that such medical treatments were both reasonable and necessary. Dr. Rodning testified that the treatment in question was reasonable and necessary and was directly related to the prior surgeries. Therefore, in view of our limited standard of review, we cannot say that the trial court erred in holding the company liable for these medical treatments.
The company contends that it is not obligated to pay medical expenses already paid by the worker's private health insurance plan, citing § 25-5-77(a), Ala. Code 1975.
The two references cited in the company's brief to support its contention that the worker's health insurance provider has paid the disputed medical expenses failed to supply any evidence to support this contention. The first reference is to Dr. Rodning's deposition, in which he testified that there was a communication with the worker's insurance carrier to pre-certify the worker's surgery. He identified the insurance carrier as Prime Health. There is no testimony that Prime Health certified the surgery or paid for the surgery. The other reference was to the testimony of the company representative, who testified only that to his knowledge Prime Health had not requested reimbursement. There is no testimony as to (1) the amount paid or incurred, (2) which of the two surgeries performed by Dr. Rodning he was referring to, or (3) the terms of the Prime Health contract of insurance regarding its obligation to pay for medical expenses incurred from an on-the-job injury. "For, even where the evidence was heard ore tenus, the findings of the trial court cannot be upheld if they are palpably wrong, without supporting evidence, or manifestly unjust." Steel City *Page 1228 Erection Co. v. Johnson-Rast Hays, 402 So.2d 1014, 1015
(Ala.Civ.App. 1981).
Under Rule 8(c), A.R.Civ.P., a defendant must assert all affirmative defenses in responsive pleadings. If one fails to assert an affirmative defense in a timely manner, it is deemed waived. Giles v. Ingrum, 583 So.2d 1287 (Ala. 1991). Rule 8(c) includes "payment" as an affirmative defense. The company's answer to the complaint, its answer to the amended complaint, and its notice of opposition to the worker's motion to enforce payment of medical benefits did not include the defense of payment.
The trial court did not err in refusing to allow the company's affirmative defense of payment.
The company contends that there was "no evidence whatsoever" of the amount of medical expenses to support the judgment of $16,133.75. In its order, the trial court specifically detailed the periods of treatment and the corresponding amount of expenses; however, only a few of these amounts are reflected in the exhibits the worker submitted as evidence of the amount of medical expenses. Although the trial court did not err in its findings regarding the company's liability for the medical treatments performed by Dr. Rodning, we are unable to determine if the trial court determined the correct amount of medical expenses from the record. We remand the cause for the trial court to determine the proper amount of medical expenses which are supported by the record.
The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES and MONROE, JJ., concur.