Williams Power, Inc. ("Williams Power"), appeals from a judgment entered against it by the Mobile Circuit Court in which the court awarded Anthony Wayne Johnson workers' compensation benefits for an on-the-job injury to his back and ordered Williams Power to pay all past and future medical expenses incurred by Johnson for treatment of the injury. We dismiss the appeal.
Johnson initially filed the complaint in this action on February 20, 2001. A bench trial was held on June 7, 2002, at which Johnson and a vocational expert for each party testified. Deposition testimony and medical records of doctors who evaluated Johnson also were admitted into evidence. The trial court entered its judgment on June 27, 2002, making findings of fact and reaching conclusions of law.
The trial court determined, after weighing conflicting medical evidence, that, on January 6, 2001, Johnson sustained an injury at work and that Johnson had sustained a 65% loss of earning capacity due to the injury. The trial court also determined that Johnson had been temporarily totally disabled from January 8, 2001, until June 19, 2001, when Dr. Robert Zarzour declared him to have reached maximum medical improvement. Accordingly, the trial court awarded Johnson $12,288.86 in temporary total disability benefits. The trial court also awarded Johnson $220 per week in permanent partial disability benefits beginning on June 19, 2001, determining that Williams Power owed Johnson $11,440 in past-due permanent partial disability benefits as of the date of the trial court's judgment, as well as $220 per week for the remaining 224.86 weeks until the benefits have been paid in full. The trial court also required Williams Power to pay for any future medical expenses incurred by Johnson as a result of the January 6, 2001, injury. Finally, the trial court ordered "that the defendant, Williams Power Corporation, shall reimburse the plaintiff for any and all medical expenses already paid by him," but it did not specify an amount. Williams Power appeals.
After the trial court entered its judgment on June 27, 2002, Williams Power filed a motion to alter, amend, or vacate the judgment or, in the alternative, for a new trial, in which it argued that no evidence had been introduced at trial regarding Johnson's past medical expenses.[1] The trial court denied that motion on August 16, 2002. Johnson then filed a "Motion to Order Payment of Medical Expenses" *Page 461 
on August 19, 2002, and attached to the motion multiple exhibits consisting of medical bills, receipts, and canceled checks showing how much Johnson had spent on treatment for his back injury. Before that motion was ruled on, Williams Power filed its notice of appeal to this court on August 23, 2002.
Although neither party has questioned this court's appellate jurisdiction, we must consider whether we have jurisdiction over this appeal because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex meromotu." Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987).
 "It is well established that a final judgment is a `terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.' Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App. 1986). Further, the judgment must be conclusive and certain with all matters decided, including the assessment of damages with specificity for a sum certain determinable without resorting to extraneous facts."
Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App. 1990) (emphasis added). See, e.g., Moody v. State ex rel. Payne,351 So.2d 547, 551 (Ala. 1977) ("Where the amount of damages is an issue . . . the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages."). In this case, the amount of damages pertaining to past medical expenses was not specified by the trial court, and, thus, the appeal has been taken from a nonfinal judgment.
In GAF Corp. v. Poston, 656 So.2d 1225 (Ala.Civ.App. 1995), the issue before this court was the payment of medical expenses for the medical treatment rendered to the employee for his work-related injury. This court explained that "the trial court specifically detailed the periods of treatment and the corresponding amount of expenses; however, only a few of these amounts are reflected in the exhibits the worker submitted as evidence of the amount of medical expenses." Poston,656 So.2d at 1228. This court concluded:
 "Although the trial court did not err in its findings regarding the company's liability for the medical treatments performed by Dr. Rodning, we are unable to determine if the trial court determined the correct amount of medical expenses from the record. We remand the cause for the trial court to determine the proper amount of medical expenses which are supported by the record."
Poston, 656 So.2d at 1228.
Unlike Poston, in the present case the trial court did not make an award of a sum certain for past medical expenses. Therefore, its order was not a final judgment. A nonfinal judgment will not support an appeal. Bacadam Outdoor Adver.,Inc. v. Kennard, 721 So.2d 226 (Ala.Civ.App. 1998). We therefore dismiss the appeal.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
[1] Although Williams Power also asserts this argument on appeal, our review of the record reveals that there was evidence before the trial court of Johnson's past medical expenses. The record contains interrogatory answers, exhibits to depositions, and other documents (including, for example, copies of invoices and other statements from physicians and other various medical service providers) that reflected Johnson's past medical expenses; these interrogatory answers, exhibits to depositions, and other documents were admitted into evidence at the outset of the trial.