Baptist Health System, Inc., petitioned for a writ of certiorari seeking review of the Court of Civil Appeals' no-opinion affirmance of an order of the Montgomery Circuit Court in a workers' compensation case Ola Osborne brought against Baptist Health. Baptist Health Sys., Inc. v.Osborne (No. 2030565, June 30, 2005), 945 So.2d 495
(Ala.Civ.App. 2005) (table). We granted the petition, issued the writ, and directed the parties to submit briefs. Because the order of the trial court from which Baptist Health appealed is not a final judgment, however, we now quash the writ.
 Facts and Procedural History
On September 12, 2000, Osborne filed a workers' compensation action against Baptist Health in the Montgomery Circuit Court. Osborne's claim was based on an on-the-job injury to her back she sustained on October 7, 1998, while working for Baptist Health. After a hearing at which the parties submitted evidence and presented testimony, the trial court entered an "order of judgment" setting forth its findings of fact and conclusions of law.
The trial court's order required Baptist Health (1) to begin paying benefits to Osborne based on permanent total disability; (2) to pay Osborne a lump sum representing accrued temporary and permanent total-disability benefits; (3) to indemnify Osborne from any subrogation interest asserted against her; and (4) to pay all past, present, and future medical expenses related to Osborne's treatment for her on-the-job injury, including reimbursing *Page 922 
Osborne for any out-of-pocket medical expenses she actually incurred after February 11, 1999, the date Baptist Health refused to pay for additional medical treatment, until the date of the trial court's order.
The Court of Civil Appeals affirmed the order of the trial court, without an opinion. This Court granted Baptist Health's petition for a writ of certiorari.
 Discussion
The merits of the substantive issues in this appeal have been extensively briefed by the parties and by amici curiae.[1]
Unfortunately, however, the order from which Baptist Health appeals is not a final judgment, and the Court of Civil Appeals therefore did not have jurisdiction to consider the merits of the underlying action.
"Although neither party has questioned [the Court of Civil Appeals'] appellate jurisdiction, we must consider whether [it had] jurisdiction over this appeal because `jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Williams Power, Inc.v. Johnson, 880 So.2d 459, 461 (Ala.Civ.App. 2003) (quotingNunn v. Baker, 518 So.2d 711, 712 (Ala. 1987)).
 "`An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties.' Palughi v. Dow, 659 So.2d 112, 113 (Ala. 1995). For a judgment to be final, it must put an end to the proceedings and leave nothing for further adjudication. Ex parte Wharfhouse Rest. Oyster Bar, Inc., 796 So.2d 316, 320 (Ala. 2001). `[W]ithout a final judgment, this Court is without jurisdiction to hear an appeal.' Cates v. Bush, 293 Ala. 535, 537, 307 So.2d 6, 8 (1975)."
Hamilton v. Connally, 959 So.2d 640, 642 (Ala. 2006).
This Court has noted:
 "[I]t must be remembered that `[d]amages are [an element] of a claim to vindicate a legal right.' Grantham v. Vanderzyl, 802 So.2d 1077, 1080
(Ala. 2001).
 "`Where the amount of damages is an issue, . . . the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.' Moody v. State ex rel. Payne, 351 So.2d 547, 551 (Ala. 1977). `That a judgment is not final when the amount of damages has not been fixed by it is unquestionable.' `Automatic' Sprinkler Corp. of America v. B.F. Goodrich Co., 351 So.2d 555, 557 (Ala. 1977)."
Dzwonkowski v. Sonitrol of Mobile, Inc.,892 So.2d 354, 361-62 (Ala. 2004).
In Williams Power, the Court of Civil Appeals held that an order in a workers' compensation case purporting to award damages for past medical expenses was not a final judgment, because the order did not specify the amount of those expenses. 880 So.2d at 460-61. The Court of Civil Appeals stated:
 "`It is well established that a final judgment is a "terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants." Tidwell v. Tidwell, 496 So.2d 91, 92 *Page 923 
(Ala.Civ.App. 1986). Further, the judgment must be conclusive and certain with all matters decided, including the assessment of damages with specificity for a sum certain determinable without resorting to extraneous facts.'
"Dees v. State, 563 So.2d 1059, 1061
(Ala.Civ.App. 1990) (emphasis added). See, e.g., Moody v.State ex rel. Payne, 351 So.2d 547, 551 (Ala. 1977) (`Where the amount of damages is an issue . . . the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.'). In this case, the amount of damages pertaining to past medical expenses was not specified by the trial court, and, thus, the appeal has been taken from a nonfinal judgment.
"In GAF Corp. v. Poston, 656 So.2d 1225
(Ala.Civ.App. 1995), the issue before this court was the payment of medical expenses for the medical treatment rendered to the employee for his work-related injury. This court explained that `the trial court specifically detailed the periods of treatment and the corresponding amount of expenses; however, only a few of these amounts are reflected in the exhibits the worker submitted as evidence of the amount of medical expenses.' Poston,656 So.2d at 1228. This court concluded:
 "`Although the trial court did not err in its findings regarding the company's liability for the medical treatments performed by Dr. Rodning, we are unable to determine if the trial court determined the correct amount of medical expenses from the record. We remand the cause for the trial court to determine the proper amount of medical expenses which are supported by the record.'
 "Poston, 656 So.2d at 1228.
 "Unlike Poston, in the present case the trial court did not make an award of a sum certain for past medical expenses. Therefore, its order was not a final judgment. A nonfinal judgment will not support an appeal. Bacadam Outdoor Adver., Inc. v. Kennard, 721 So.2d 226 (Ala.Civ.App. 1998). We therefore dismiss the appeal."
880 So.2d at 461.
In this case, the trial court specified the amount of damages it was awarding to Osborne for permanent total disability and for accrued temporary and permanent total disability. By ordering Baptist Health to pay for all past medical expenses related to Osborne's treatment since her on-the-job injury including reimbursing Osborne for any out-of-pocket medical expenses she incurred after February 11, 1999, until the date of the trial court's order, the trial court determined that Baptist Health is liable for those past medical expenses. However, the trial court's order does not state a sum certain representing the amount of those past medical expenses.
Because the trial court in this case has not specified the amount of damages to be awarded to Osborne for past medical expenses, the trial court has not rendered a final judgment that will support an appeal. Dzwonkowski,892 So.2d at 361-62; Williams Power, 880 So.2d at 461. Consequently, the Court of Civil Appeals was without jurisdiction to issue its no-opinion affirmance of the trial court's order, Hamilton, 959 So.2d at 642;Dzwonkowski, 892 So.2d at 361-62; WilliamsPower, 880 So.2d at 461; its order, therefore, is void.Boykin v. Law, 946 So.2d 838, 844 (Ala. 2006) ("`A lack of jurisdiction, either over the person or over the subject matter[,] renders a judgment void.'" (quoting Nigg *Page 924 v. Smith, 415 So.2d 1082, 1084 (Ala. 1982))).
Because the judgment of the Court of Civil Appeals is void, Baptist Health still can pursue an appeal as a matter of right after the trial court's judgment has been made final. The writ of certiorari is "issued to promote the ends of justice, no other adequate remedy being available." Ex parteSellers, 250 Ala. 87, 88, 33 So.2d 349, 350 (1948); seealso Huggins v. State, 278 Ala. 18, 18, 174 So.2d 697, 697
(1965) ("The common-law writ of certiorari will not, in general, be issued `"where the party has a remedy by appeal to correct the irregularity or injustice of which he complains."'" (quoting Alabama Great Southern R.R. v. Christian,82 Ala. 307, 309, 1 So. 121, 122 (1887))).
 Conclusion
The writ of certiorari previously issued is quashed.
WRIT QUASHED.
COBB, C.J., and SEE, LYONS, WOODALL, STUART, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., recuses himself.
[1] Amici curiae briefs have been filed by Alabama Council of Associated Workers' Compensation Self-Insurers' Funds; the Associated General Contractors Workers Compensation Self-Insurers Fund, the Alabama Truckers Association Workers Compensation Self-Insurers Fund, and Marshall Durbin, Inc.; and the Alabama Trial Lawyers Association.