THOMPSON, Presiding Judge.
 

 On June 6, 2006, Willie Mobley sued C & D Logging seeking to recover workers’ compensation benefits for an injury that he alleged arose out of and in the course of his employment with C & D Logging. C & D Logging answered and denied liability, contending, among other things, that Mobley had not suffered an on-the-job injury.
 

 On March 2, 2007, Mobley filed a motion in the trial court asking that court to compel C & D Logging to provide, pursuant to § 25-5-77(a), Ala.Code 1975, a panel of four physicians; Mobley asserted that he had become dissatisfied with his current authorized treating physician. In his motion to compel, Mobley specifically asked that the four-physician panel be composed of physicians specializing in pain management. The trial court granted the motion to compel on March 6, 2007. C & D Logging provided Mobley a panel of four physicians.
 

 On March 29, 2007, Mobley filed a second motion to compel in which he objected to two of the physicians on the panel of four provided by C & D Logging. Specifically, Mobley asserted that one of the physicians listed on the panel of four was in the same practice group as the physician Mobley desired to leave, which, Mobley argued, contravened § 25-5-77(a); that section provides that “[t]he four physicians or surgeons selected by the employer hereunder shall not be from or members of the same firm, partnership, or professional corporation.” Mobley also contended that another physician listed on the panel of four had offices in Montgomery rather than in or near Mobile. In his second motion to compel, Mobley alleged that “[tjhere are two local pain-management groups who were not listed on [C & D Logging’s] panel, and particularly Dr. Thomas Yearwood and Dr. Patrick Couch”; Mobley asked that the trial court order C & D Logging “to provide the names of two additional local pain-management physicians.” The trial court granted Mobley’s second motion to compel on the same day on which that motion was filed.
 

 On April 13, 2007, C & D Logging filed a motion asking the trial court to reconsider its March 29, 2007, order granting Mob-ley’s second motion to compel.
 
 [1]
 
 In that
 
 *932
 
 motion, C & D Logging argued that Mob-ley lived between Montgomery and Mobile, so the choice of a Montgomery physician was not in error, and that because Mobley had become dissatisfied with a physiatrist, he was not entitled to a panel of four pain-management specialists. C & D Logging further stated that it “did not have an opportunity to respond to these issues, and it would appreciate an opportunity to do so before the Court issues a ruling.”
 

 In August 2007, C & D Logging moved for a summary judgment. Mobley opposed that motion. The trial court denied C
 
 &
 
 D Logging’s motion for a summary judgment.
 

 In September 2007, C & D Logging filed a motion asking for a hearing on its April 13, 2007, motion to reconsider. The trial court did not conduct a hearing on the motion to reconsider. Rather, during the final hearing on the merits, the trial court verbally denied C & D Logging’s April 13, 2007, motion to reconsider.
 

 After conducting the final hearing, the trial court, on October 19, 2007, entered an order in favor of Mobley. In its October 19, 2007, order, the trial court found, among other things, that Mobley had suffered an on-the-job injury and that Mobley was permanently and totally disabled as a result of that injury. In addition, the trial court awarded a lump-sum fee for Mob-ley’s attorney and ordered C
 
 &
 
 D Logging to pay $1,360.64 in costs.
 

 On November 20, 2007, C & D Logging filed in this court a petition for a writ of mandamus challenging the trial court's March 29, 2007, order granting Mobley’s second motion to compel; this court docketed that petition as case number 2070159. On December 4, 2007, this court issued an order denying C
 
 &
 
 D Logging’s petition for a writ of mandamus in case number 2070159. C & D Logging filed an application for rehearing of that ruling.
 

 On November 29, 2007, C & D Logging filed a notice of appeal or, in the alternative, a petition for a writ of mandamus, challenging certain portions of the October 19, 2007, order; this court assigned that filing case number 2070198. This court later consolidated the application for rehearing in case number 2070159 with case number 2070198.
 

 2070159
 
 — Application
 
 for Rehearing
 

 We first address C & D Logging’s application for rehearing from this court’s denial of its petition for a writ of mandamus in case number 2070159. In its November 20, 2007, petition, C & D Logging sought a writ of mandamus ordering the trial court to vacate the March 29, 2007, order or, in the alternative, directing the trial court to conduct a hearing on the second motion to compel. C & D Logging argued that the Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala.Code 1975, gave it, as the employer, the right to select the physicians on the panel of four. C & D Logging also argued that the panel of four it had provided Mobley complied with the pertinent provisions of the Act and, therefore, that the original panel of four should be reinstated.
 

 
 *933
 
 A petition for a writ of mandamus must be filed within a reasonable time, which is generally the same time allowed for taking an appeal, i.e., 42 days. Rule 21(a)(3), Ala. R.App. P.;
 
 Ex parte Onyx Waste Servs. of Florida,
 
 979 So.2d 838 (Ala.Civ.App.2007);
 
 see also
 
 Rule 4(a)(1), Ala. R.App. P. (providing that an appeal must be filed within 42 days of the entry of a judgment). We note that C & D Logging’s April 13, 2007, motion to reconsider did not extend the time for filing a timely petition for a writ of mandamus from the March 29, 2007, order.
 
 See Ex parte Troutman Sanders, LLP,
 
 866 So.2d 547, 550 (Ala.2003) (“[T]he tolling effect of Rule 59[, Ala. R. Civ. P.,] is not involved with respect to motions to ‘reconsider’ interlocutory orders.”); and
 
 Ex parte Onyx Waste Servs. of Florida,
 
 979 So.2d at 834 (“[A] motion to reconsider an interlocutory order does not toll the presumptively reasonable time period that a party has to petition an appellate court for a writ of mandamus.”).
 

 In both its November 20, 2007, petition for a writ of mandamus in case number 2070159 and in its application for rehearing from this court’s denial of that petition, C & D Logging acknowledged that the petition was filed outside the presumptively reasonable time for challenging the March 29, 2007, order. When a petition for a writ of mandamus is filed outside the presumptively reasonable time, it must contain “a statement of circumstances constituting good cause for the appellate court to consider the petition.” Rule 21(a)(3), Ala. R.App. P.
 

 “The ‘Committee Comments to Amendments to Rule 21(a) and 21(e)(4) Effective September 1, 2000,’ set forth the following factors for an appellate court to consider in determining whether good cause exists for the court to consider an untimely petition for a writ of mandamus:
 

 “ ‘[T]he prejudice to the petitioner of the court’s not accepting the petition and the prejudice to the opposing party of the court’s accepting it; the impact on the timely administration of justice in the trial court; and whether the appellate court has pending before it other proceedings relating to the same action, and as to which the jurisdiction of the appellate court is unchallenged.’ ”
 

 Ex parte Fiber Transp., L.L.C.,
 
 902 So.2d 98, 100-01 (Ala.Civ.App.2004).
 

 In its application for rehearing in case number 2070159, C & D Logging states that it had good cause to file its petition for a writ of mandamus in that case beyond the presumptively reasonable time, and it reasserts some of the arguments contained in its original petition. Therefore, we examine the statement of good cause for accepting its untimely petition that is contained in C & D Logging’s petition for a writ of mandamus in case number 2070159.
 

 As explanation for the delay in filing the petition for a writ of mandamus, C & D Logging pointed out that our supreme court has stated that “ ‘[t]he mere passage of time,
 
 without more,
 
 will not suffice’ ” to find that a petition for a writ of mandamus was not filed within a reasonable time.
 
 Ex parte Smith,
 
 736 So.2d 604, 609 (Ala.1999) (quoting
 
 Ex parte Johnson,
 
 485 So.2d 1098, 1105 (Ala.1986)) (emphasis added). We agree that the passage of time between the entry of the March 29, 2007, order and the filing of C
 
 &
 
 D Logging’s November 20, 2007, petition for a writ of mandamus
 
 is not necessarily, by itself,
 
 determinative of the issue whether the petition was filed within a reasonable time under Rule 21(a)(3), Ala. R.App. P. However, it is the determination of whether there has been such a delay
 
 “ivithout more
 
 ” that the factors listed in the Committee Comments to Rule 21 address; therefore, we examine those factors.
 

 
 *934
 
 C & D Logging also repeatedly argued that it should have been afforded a hearing on the second motion to compel in order to defend its initial panel of four or that it should have been afforded a hearing on its motion to reconsider; those issues, however, pertain to the merits of the petition for a writ of mandamus and not to the reasons for the delay in filing the petition. Further, C & D Logging did not explain how it had been prejudiced by the trial court’s failure to conduct such a hearing; it does not argue how the composition of the panel has affected it rights and liabilities, e.g., that the panel’s composition has affected its ability to defend the action or altered its potential liability for the ordered treatment. Further, C & D Logging acknowledged in its petition for a writ of mandamus that it elected to seek relief from the March 29, 2007, order in the trial court rather than in this court.
 

 Even assuming that the trial court’s failure to conduct a hearing before entering its ruling did prejudice C & D Logging, that prejudice must be considered in conjunction with other factors set forth in the Committee Comments to Rule 21, one of which is the prejudice the delay has on Mobley. C & D Logging stated in its brief in case number 2070159 that Mobley has not been prejudiced by the delay in its filing of its petition for a writ of mandamus from the trial court’s March 29, 2007, order. Mobley disagrees, asserting in his brief submitted in case number 2070198 that he has not had an authorized treating physician since January 2007, when he became dissatisfied with his original physician, who he alleged he was seeing for management of his pain. Mobley also contends that since January 2007 he has had to pay for his own pain-management treatment. Certain findings contained in the trial court’s October 19, 2007, order support those allegations. That order states that C & D Logging failed to authorize or pay for Mobley’s treatment by a pain-management doctor even after the entry of the March 29, 2007, order and that Mobley had independently sought medical treatment from his personal physician and another medical group “for depression caused by chronic pain.”
 

 During the time that C & D Logging delayed filing its petition contesting the trial court’s March 29, 2007, order regarding the composition of the panel of four, Mobley has been forced to independently seek, obtain, and presumably pay for his pain-management treatment since January 2007. Thus, we are not persuaded by C & D Logging’s argument that its seeking review of the March 29, 2007, order through its November 20, 2007, petition for a writ of mandamus did not result in prejudice to Mobley. In addition, it is clear that other proceedings, specifically those that are the subject of case number 2070198, are pending before this court, which is another factor to consider in determining whether good cause exists for allowing an untimely mandamus petition. As discussed below, C & D Logging has an opportunity for review by appeal.
 

 Given the foregoing, we disagree with C & D Logging’s argument that it had set forth a persuasive statement of good cause for the untimely filing of its petition for a writ of mandamus in case number 2070159. C & D Logging’s application for rehearing in case number 2070159 reiterates its original arguments with regard to the issue of the timeliness of the petition in case number 2070159. Accordingly, C & D Logging has not persuaded this court that it erred in denying the petition for a writ of mandamus in case number 2070159, and we overrule the application for rehearing.
 

 2070198
 
 — Appeal
 
 and Petition for a Writ of Mandamus
 

 We next turn to the appeal in case number 2070198, which challenges the pro
 
 *935
 
 priety of several aspects of the trial court’s October 19, 2007, order, including the trial court’s determination of liability and a number of evidentiary issues; C & D Logging also challenges what it claims is the trial court’s affirmation of its March 29, 2007, order granting Mobley’s second motion to compel.
 
 [2]
 
 As explained below, we conclude that the October 19, 2007, order was not a final judgment capable of supporting an appeal.
 

 In
 
 Williams Power, Inc. v. Johnson,
 
 880 So.2d 459 (Ala.Civ.App.2003), the trial court determined that the worker had suffered a 65% disability as a result of an on-the-job accident, and it awarded benefits based upon that determination. In addition, the trial court stated that the employer should reimburse the worker for past medical expenses; however, the trial court did not specify the amount of past medical expenses to be reimbursed. This court held that the failure to specify a sum certain for the past medical expenses rendered the trial court’s order nonfinal. In so holding, this court explained:
 

 “ ‘It is well established that a final judgment is a “terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.”
 
 Tidwell v. Tidwell,
 
 496 So.2d 91, 92 (Ala.Civ.App.1986). Further, the judgment must be conclusive and certain with all matters decided,
 
 including the assessment of damages with specificity for a sum certain determinable without resorting to extraneous facts.’
 

 “Dees v. State,
 
 563 So.2d 1059, 1061 (Ala.Civ.App.1990) (emphasis added).
 
 See, e.g., Moody v. State ex rel. Payne,
 
 351 So.2d 547, 551 (Ala.1977) (‘Where the amount of damages js an issue ... the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.’).”
 

 Williams Power, Inc. v. Johnson,
 
 880 So.2d at 461.
 
 See also Ex parte Baptist Health Sys., Inc.,
 
 966 So.2d 920, 923 (Ala.2007) (“Because the trial court in this case has not specified the amount of damages to be awarded ... for past medical expenses, the trial court has not rendered a final judgment that will support an appeal.”); Coosa
 
 Valley Health Care v. Johnson,
 
 961 So.2d 903 (Ala.Civ.App.2007) (an order that, among other things, failed to ascertain specific awards for temporary-disability benefits or for reimbursement of previous medical expenses was nonfinal); and
 
 Goldome Credit Corp. v. Player,
 
 869 So.2d 1146 (Ala.Civ.App.2003) (holding nonfinal an order in which the trial court awarded an attorney fee but failed to ascertain the amount of the attorney-fee award).
 

 
 *936
 
 In its October 19, 2007, order, the trial court determined that C & D Logging was liable for the payment of workers’ compensation benefits for Mobley’s on-the-job injury and that Mobley was permanently and totally disabled as a result of that injury. However, the order did not contain any provisions specifying the amount of workers’ compensation benefits to which Mobley was entitled. Further, in its October 19, 2007, order, the trial court stated that “all past due indemnity benefits and medical benefits are due to be reimbursed and future benefits are to be paid in accordance with” the provisions of the Act; however, it did not make a specific, sum-certain award for those benefits.
 

 The October 19, 2007, order does not contain a determination or calculation of the specific amount of workers’ compensation benefits to be awarded to Mobley. Accordingly, we must conclude that the October 19, 2007, order was not a final judgment that will support an appeal.
 
 Williams Power, Inc. v. Johnson,
 
 880 So.2d at 461 (citing
 
 Bacadam Outdoor Adver., Inc. v. Kennard,
 
 721 So.2d 226 (Ala.Civ.App.1998)). Therefore, the appeal is due to be dismissed.
 

 As an alternative to its notice of appeal, C & D Logging sought review in this court of the October 19, 2007, order pursuant to a petition for a writ of mandamus. “This court has exercised its jurisdiction to issue writs of mandamus in workers’ compensation actions mainly in cases in which the trial court has entered an order wholly without statutory authority or in direct contravention of the language of the Act.”
 
 Ex parte Publix SuperMarkets, Inc.,
 
 963 So.2d 654, 657-58 (Ala.Civ.App.2007). Review by mandamus is not appropriate when a party has another adequate remedy, such as an appeal.
 
 Ex parte Amerigas,
 
 855 So.2d 544, 546 (Ala.Civ.App.2003). Our supreme court has explained the law regarding when review by mandamus is appropriate as follows:
 

 “ ‘The rules of law applicable to the case are simple and well settled. The writ of
 
 mandamus
 
 will lie from a superior to an inferior or subordinate court, in a proper case, to compel it to
 
 hear and decide
 
 a controversy of which it has jurisdiction; or, where the cause has been heard, to compel such inferior court to
 
 render judgment or enter a decree
 
 in the given case. But its use is not warranted to direct
 
 what particular judgment
 
 shall be rendered in a pending cause, nor is it the proper function of such remedial writ to re-examine, or correct errors in any judgment or decree so rendered. “The rule applies to judicial as well as to ministerial acts, but it does not apply at all to a judicial act to correct an error, as where the act has been
 
 erroneously
 
 performed. If the duty is unperformed, and it be judicial in its character, the mandate will be to the judge directing him to exercise his judicial discretion or judgment, without any direction as to the
 
 manner
 
 in which it shall be done; or if it be ministerial, the
 
 mandamus
 
 will direct the specific act to be
 
 performed.”
 
 — Ex
 
 parte Newman,
 
 [81] U.S. 152, 14 Wall. 152, 169, 20 L.Ed. 877 [ (1871) ]; High on Extr. Rem. §§ 150-152, 266;
 
 Ex parte Schmidt,
 
 62 Ala. 252 [ (1878) ];
 
 Ex parte Mahone,
 
 30 Ala. 49 [ (1857) ]. The principle, of course, universally prevails, that in no event will the writ ever be awarded
 
 wherefull and adequate
 
 relief can be had by appeal, writ of error, or otherwise.’ ”
 

 State v. Cobb,
 
 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting
 
 State v. Williams,
 
 69 Ala. 311, 316 (1881)).
 

 In this case, the issues C & D Logging raises with regard to the October 19, 2007, order pertain to the propriety of the trial court’s determinations based on
 
 *937
 
 the evidence and to certain evidentiary issues. Thus, C & D Logging challenges the merits of the October 19, 2007, order. However, review by mandamus may not be used to correct errors in an order or judgment, i.e., to say what a particular order or judgment must be.
 
 See State v. Cobb,
 
 supra. A petition for a writ of mandamus may not be used as a substitute for an appeal.
 
 Ex parte Publix Super Markets, Inc.,
 
 963 So.2d at 658;
 
 Ex parte Amerigas,
 
 855 So.2d at 547. Accordingly, because C & D Logging has an adequate remedy through appeal, when the final judgment is entered, we deny the petition for a writ of mandamus in case number 2070198.
 
 Ex parte Trinity Auto. Servs., Ltd.,
 
 974 So.2d 1005, 1009 (Ala.Civ.App.2006).
 

 2070159 — APPLICATION FOR REHEARING OVERRULED.
 

 2070198 — APPEAL DISMISSED; PETITION DENIED.
 

 PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 MOORE, J., recuses himself.
 

 [1]
 

 . In its April 13, 2007, motion to reconsider, C & D Logging characterized Mobley's second motion to compel as specifically requesting that Dr. Yearwood and Dr. Couch be listed on the panel of four under § 25-5-77(a), and it characterized the trial court’s
 
 *932
 
 order of March 29, 2007, as requiring treatment by one of those two doctors. No document or ruling pertaining to the motion to reconsider was issued before the final hearing in this matter. However, the trial court's October 19, 2007, order (from which the appeal and petition filed in case number 2070198 are taken) states that the trial court "ordered treatment by either Dr. Patrick Couch, a Mobile physician, or Dr. Thomas Yearwood, a physician in Daphne just across the Mobile Delta, who both specialize in pain management.”
 

 [2]
 

 .
 
 In addition to the other issues raised in case number 2070198, C & D Logging argues that the trial court erred in denying its motion for a summary judgment. However, the denial of a summary-judgment motion is not an appeal-able order. Our supreme court has explained:
 

 "[T]his Court will not entertain the attempted appeal of a denial of a motion for a summary judgment. See
 
 Continental Cas. Co. v. SouthTrust Bank, N.A.,
 
 933 So.2d 337, 340 (Ala.2006) (‘Although we will review on the merits the summary judgment for [the appellee], we cannot entertain [the appellant's] attempted appeal of the denial of its own motion for a summary judgment. " ‘Such an order is inherently non-final and cannot be made final by a Rule 54(b)[, Ala. R. Civ. P.,] certification_An order denying summary judgment is interlocutory and nonappealable.’"
 
 Fahey v. C.A.T.V. Subscriber Servs., Inc.,
 
 568 So.2d 1219, 1222 (Ala.1990) (quoting
 
 Parsons Steel, Inc. v. Beasley,
 
 522 So.2d 253, 257-58 (Ala.1988)).').”
 

 Little Narrows, LLC v. Scott,
 
 1 So.3d 973, 976 n. 3 (Ala.2008).