THOMAS, Judge.
Fort James Holding Company, Inc., d/b/a Georgia Pacific (“GP”) appeals from a judgment determining that Cheryl D. Morgan is permanently and totally disabled and awarding benefits accordingly. This is the second time these parties have been before this court. Fort James Holding Co. v. Morgan, 30 So.3d 458 (Ala.Civ.App.2009). In Fort James, we reversed the trial court’s judgment in favor of Morgan and remanded the cause for the trial court, in compliance with Ala.Code 1975, § 25-5-88, to make specific findings of fact related to whether GP was obligated to pay for past medical expenses incurred by Morgan as a result of her work-related injury despite GP’s argument that Morgan’s use of unauthorized physicians and her failure to avail herself of medical care provided by GP precluded a judgment making GP responsible for those medical expenses. Fort James, 30 So.3d at 463. On remand, the trial court entered a judgment with specific findings and concluded that “GP is required to pay for past medical treatment that Morgan obtained from Dr. Armstrong, Dr. Dozier, and Dr. Fleet.” The judgment, however, does not contain a specified amount of past medical expenses that GP is required to pay. GP again appeals.
Neither party has raised the issue of this court’s jurisdiction over this appeal. However, because jurisdictional matters are of such magnitude, this court is permitted to notice a lack of jurisdiction ex mero motu. See Reeves v. State, 882 So.2d 872, 874 (Ala.Civ.App.2003). Unfortunately, based on our review of the trial court’s judgment after remand, we must dismiss GP’s appeal as being taken from a nonfinal judgment. See Ex parte Baptist Health Sys., Inc., 966 So.2d 920, 923 (Ala.2007) (“Because the trial court in this case has not specified the amount of damages to be awarded to [the employee] for past medical expenses, the trial court has not rendered a final judgment that will support an appeal.”).
As our supreme court has explained:
“ ‘ “An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties.” Palughi v. Dow, 659 So.2d 112, 113 (Ala.1995). For a judgment to be final, it must put an end to the proceedings and leave nothing for further adjudication. Ex parte Wharfhouse Rest & Oyster Bar, Inc., 796 So.2d 316, 320 (Ala.2001). “[Without a final judgment, this Court is without jurisdiction to hear an appeal.” Cates v. Bush, 293 Ala. 535, 537, 307 So.2d 6, 8 (1975).’
“Hamilton v. Connally, 959 So.2d 640, 642 (Ala.2006).
“This Court has noted:
“ ‘[I]t must be remembered that “[d]amages are [an element] of a claim *899 to vindicate a legal right.” Grantham v. Vanderzyl, 802 So.2d 1077, 1080 (Ala.2001).
“ ‘ “Where the amount of damages is an issue, ... the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.” Moody v. State ex rel. Payne, 351 So.2d 547, 551 (Ala.1977). “That a judgment is not final when the amount of damages has not been fixed by it is unquestionable.” “Automatic” Sprinkler Corp. of America v. B.F. Goodrich Co., 351 So.2d 555, 557 (Ala.1977).’
“Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 361-62 (Ala.2004).
“In Williams Power[, Inc. v. Johnson, 880 So.2d 459 (Ala.Civ.App.2003) ], the Court of Civil Appeals held that an order in a workers’ compensation case purporting to award damages for past medical expenses was not a final judgment, because the order did not specify the amount of those expenses. 880 So.2d at 460-61. The Court of Civil Appeals stated:
“ ‘ “It is well established that a final judgment is a ‘terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.’ Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986). Further, the judgment must be conclusive and certain with all matters decided, including the assessment of damages with specificity for a sum certain determinable without resorting to extraneous facts.”
“ ‘Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990) (emphasis added). See, e.g., Moody v. State ex rel. Payne, 351 So.2d 547, 551 (Ala.1977)
(“Where the amount of damages is an issue ... the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.”). In this case, the amount of damages pertaining to past medical expenses was not specified by the trial court, and, thus, the appeal has been taken from a nonfinal judgment.
“ ‘In GAF Corp. v. Poston, 656 So.2d 1225 (Ala.Civ.App.1995), the issue before this court was the payment of medical expenses for the medical treatment rendered to the employee for his work-related injury. This court explained that “the trial court specifically detailed the periods of treatment and the corresponding amount of expenses; however, only a few of these amounts are reflected in the exhibits the worker submitted as evidence of the amount of medical expenses.” Poston, 656 So.2d at 1228. This court concluded:
“ ‘ “Although the trial court did not err in its findings regarding the company’s liability for the medical treatments performed by Dr. Rodn-ing, we are unable to determine if the trial court determined the correct amount of medical expenses from the record. We remand the cause for the trial court to determine the proper amount of medical expenses which are supported by the record.”
“ ‘Poston, 656 So.2d at 1228.
“ ‘Unlike Poston, in the present case the trial court did not make an award of a sum certain for past medical expenses. Therefore, its order was not a final judgment. A nonfinal judgment will not support an appeal. Bacadam Outdoor Adver., Inc. v. *900 Kennard, 721 So.2d 226 (Ala.Civ.App.1998). We therefore dismiss the appeal.’
“880 So.2d at 461.”
Ex parte Baptist Health Sys., Inc., 966 So.2d at 922-23.
The trial court’s judgment, although compliant with § 25-5-88, fails to contain a specified amount of past medical expenses incurred by Morgan that GP is required to pay and is, therefore, not final. Thus, on the authority of Ex parte Baptist Health System, Inc., we dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., recuses himself.