MOORE, Judge.
Arvin North American Automotive, Inc. (“the employer”), appeals from a judgment of the Fayette Circuit Court (“the trial court”) finding the employer in contempt for violating a judgment in which the employer was ordered to pay, among other things, medical benefits pursuant to the Alabama Workers’ Compensation Act, Ala. Code 1975, § 25-5-1 et seq. We dismiss.

Background

In August 2002, the trial court entered a judgment (“the 2002 judgment”) finding, among other things, that Nadine Rodgers (“the employee”) had sustained injuries within the line and scope of her employment with the employer, that the employee had been diagnosed with severe depression and anxiety, and that the work-related injuries were a contributing cause of the employee’s mental disorders. The trial court also ordered the employer to pay, among other things, “the cost of reasonable and necessary medical care for the injuries sustained by the [employee] in the accident as found by the Court in this Judgment, as provided by § 25-5-77 of the Code of Alabama.” The employer did not appeal from the 2002 judgment.
After the entry of the 2002 judgment, the employee continued to receive care from her authorized treating physician, Dr. Gary Newsom, for her mental-health issues. Until 2007, the employer paid, without dispute, the costs associated with Dr. Newsom’s treatment and the costs of the medications prescribed by him for the employee.
*671 On January 7, 2008, the employee filed a petition for contempt alleging that the employer had “contemptuously and willfully failed to provide the necessary care and medicines as prescribed” for her by Dr. Newsom. The employee sought to recover, among other things, the amounts she had paid or had incurred for Dr. Newsom’s services and the amounts she had paid or had incurred for medications that had been prescribed by Dr. Newsom to treat her mental-health illnesses that, she claimed, the employer had refused to pay. The employee also sought to recover the mileage expenses associated with obtaining her medical care as authorized by the terms of the 2002 judgment.
The employer answered the petition, asserting that the employee was seeking payment for services that were not related to her workplace injuries and not within the scope of the 2002 judgment; that the employer had revoked Dr. Newsom’s authority to treat the employee; that Dr. Newsom’s requests for payment from the employer had not been timely submitted; that the employee’s mental-health issues had begun before her employment with the employer; that the employee had suffered numerous stressors unrelated to her employment after the entry of the 2002 judgment; and that the employee was not entitled to reimbursement for medications that had been prescribed to treat any mental disorders other than depression.
The trial court conducted a hearing on the employee’s contempt petition on April 13, 2010. At that hearing, counsel for the employee and counsel for the employer discussed on the record whether they were in agreement as to the amount of the medical and mileage benefits in controversy. At that hearing, the following colloquy occurred:
“[EMPLOYER’S COUNSEL]: ... So, really, we’re here, I guess, kind of in a liability mode first; and then we’d have to figure out—
“[EMPLOYEE’S COUNSEL]: Well, I don’t think they are going to quarrel with us about nickels and dimes. She would be owed the mileage; she would be owed what she paid on the medicine. We’re not asking you to do that. We just need a decree as to whether they correctly terminated what they were providing through—
“THE COURT: Well, let’s say that I grant it ... then y’all are going to agree on how much money?
“[EMPLOYEE’S COUNSEL]: Oh yes.
“[EMPLOYER’S COUNSEL]: Well, I think there’s a chance we can. It’s just treatment. It’s just the number of visits. I won’t say we’re going to agree. I would say the mileage is going to be problematic. I don’t have any idea how we do that.
“[EMPLOYEE’S COUNSEL]: You just count how many times she’s down there and multiply it by the distance from here to Tuscaloosa.
[[Image here]]
“[EMPLOYER’S COUNSEL]: I’m not saying that. I think it’s impossible to get into the dollars today because we don’t have enough information.
“THE COURT: Okay.
“[EMPLOYER’S COUNSEL]: I think we can, at least ... you know, if you find yourself there, you could rule that way, and then say, ‘go agree.’ And then, if we can’t—
“THE COURT: I gotcha. All right. That’s what I needed to know. All right. Go ahead.”
The hearing then proceeded on the issue of compensability. No further evidence was offered as to the amount of the medical and mileage benefits in controversy, *672 and the record does not indicate that the parties ever reached an agreement or entered a stipulation as to the amounts at issue.
On May 27, 2010, the trial court entered a judgment finding that the employer had violated the 2002 judgment and ordered the following:
“1. That [the employer] pay, or reimburse [the employee] for payments she has made, all costs and bills submitted by Dr. Gary Newsom for services rendered to [the employee] as well as the cost of reasonable and necessary psychiatric services and care as may be or become necessary in the future.
“2. That [the employer] pay, or reimburse [the employee] for payments she has made, all bills and costs for medications prescribed by Dr. Gary Newsom as well as the costs of medications prescribed by Dr. Newsom as may be or become necessary in the future.
“3. That [the employer] pay for the mileage claimed by [the employee] for travel to Dr. Gary Newsom, as well as mileage claimed by the [employee] as may be or become necessary in the future.
“4. That [the employee’s] counsel is entitled to an attorney’s fee in the amount of $3,000.00 and that the [employer] is Ordered to pay said attorney fees of $3,000.00.
“5. That [the employee] is entitled to reimbursement in the amount of $700.00 for the cost of the deposition of Dr. Gary Newsom and the Court Reporter’s cost in the amount of $295.00 and [the employer] is Ordered to pay those sums.”
Other than the amounts identified in its May 27, 2010, judgment relating to attorney fees and costs, the trial court did not identify the amounts the employer was to pay. On July 7, 2010, the employer appealed.

Analysis

“ ‘[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’” Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App.1998) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). “ ‘ “[S]ubject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.” ’ ” M.B.L. v. G.G.L., 1 So.3d 1048, 1050 (Ala. Civ.App.2008) (quoting S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala.Civ.App.2005), quoting in turn C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003)).
In its May 27, 2010, judgment, the trial court found that the employer had violated the 2002 judgment and it ordered the employer to pay some unspecified amount to the employee or to Dr. Newsom on the employee’s behalf. Ordinarily, an appeal can be brought only from a final judgment. Ala.Code 1975, § 12-22-2. In Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 361-62 (Ala.2004), our supreme court stated:
“ ‘Where the amount of damages is an issue, ... the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.’ Moody v. State ex rel. Payne, 351 So.2d 547, 551 (Ala.1977). ‘That a judgment is not final when the amount of damages has not been fixed by it is unquestionable.’ ‘Automatic’ Sprinkler Corp. of America v. B.F. Goodrich Co., 351 So.2d 555, 557 (Ala.1977) (recitation of the Rule 54(b)[, Ala. R. Civ. P.,] formula was ineffective to render appealable a judgment that re *673 solved liability, but reserved the issue of damages for future resolution).”[1]
In Williams Power, Inc. v. Johnson, 880 So.2d 459 (Ala.Civ.App.2003), in applying the foregoing rule, this court dismissed an appeal from a judgment awarding a worker medical benefits but failing to specify the amount of those medical benefits. Despite some criticism of the reasoning in Johnson, see SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1215-16 (Ala.Civ.App.2007) (Moore, J., concurring in the result, joined by Thomas, J.), this court has consistently applied its holding by dismissing appeals from judgments awarding unspecified medical benefits to injured workers on the ground that those judgments did not fully and finally ascertain and declare the rights of the parties so as to constitute a final judgment. See Fort James Holding Co. v. Morgan, 54 So.3d 897, 898 (Ala.Civ.App.2010); Ex parte C & D Logging, 3 So.3d 930, 935 (Ala.Civ.App.2008); and Avondale Mills, Inc. v. Gallups, 949 So.2d 946, 947-48 (Ala.Civ.App.2006).
Because the trial court failed to ascertain or fix in its judgment the amounts of medical and mileage benefits the employer was ordered to pay to or on behalf of the employee, the judgment appealed from is nonfinal. We, therefore, must dismiss the appeal. See Tatum v. Freeman, 858 So.2d 979, 980 (Ala.Civ.App.2003) (“‘When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.’ ” (quoting Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974))).
The employee’s request for the award of attorney fees on appeal is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMAS, J., concurs in the result, without writing.

. The trial court did not purport to certify its judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P., although, as recognized in Dzwonkowski v. Sonitrol of Mobile, Inc., supra, such a certification would have been ineffective. See SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1210-11 (Ala.Civ.App.2007).