PER CURIAM.
Mohammad Heyat (“the husband”) appeals a judgment divorcing him from An-ahita Rahnemaei (“the wife”), awarding her custody of their minor son, ordering him to pay child support, and dividing the parties’ property.
The wife filed a complaint seeking a divorce on August 26, 2010. In her complaint, the wife requested custody of the parties’ son, child support, alimony, an award of all the parties’ joint property, to be held harmless from all debts of the parties, and an attorney fee. The wife, by motion, also sought ex parte pendente lite custody of the son, possession of the marital residence (“the Greystone house”) pen-dente lite, and pendente lite child support, relief that the trial court granted on August 27, 2010. The husband filed an answer and a counterclaim. In his answer, the husband specifically stated that he did not want a divorce; however, in the event one was to be granted, the husband sought custody of the parties’ son, child support, alimony, an equitable division of the parties’ property, to be held harmless from all debts of the parties, and an attorney fee. On the husband’s motion, the trial court set aside the ex parte custody order, and the parties entered into a pendente lite agreement concerning custody of the son and payment of certain of the parties’ expenses and debts; the agreement did not require the husband to pay child support. In addition, three accounts owned by the parties were “frozen” by a pendente lite order. The parties agreed to an arrangement permitting the husband to withdraw $500 per month for living expenses and $450 per month to pay the mortgage on the parties’ rental house (“the Southside house”).
After a trial in July 2011, the trial court entered a judgment divorcing the parties. The judgment awarded custody of the son to the wife and awarded the husband specified visitation; the husband was also ordered to pay $991 per month in child support. Pursuant to the judgment, the wife was awarded exclusive possession of the Greystone house, which was to be sold with the proceeds of the sale divided equally, after a deduction from the proceeds of $100,000, an amount that the husband agreed that he owed the wife. The wife was given the option of purchasing the Greystone house for $150,000. The husband was awarded the Southside house and ordered to assume the indebtedness associated with that house. Finally, the trial court awarded the wife “a one half (1/2) interest in and to any real estate owned by the [husband] in Iran, should such ownership exist.”
The judgment ordered that the attorney fees for the parties’ respective attorneys be paid out of a particular bank account of *218 the parties. The remaining funds in that account were to be divided, with the wife receiving 75% of the remaining funds and the husband receiving 25%. Both the husband and the wife filed postjudgment motions. The trial court amended its judgment by permitting the husband the opportunity to purchase the Greystone house for $250,000 if the wife chose not exercise her right to purchase the Grey-stone house within 18 months of the entry of the divorce judgment. The husband timely appealed, and the wife timely cross-appealed.
On appeal, the husband raises several issues. He first argues that the trial court erred in admitting certain testimony regarding the husband’s religious devoutness and the wife’s accusations that he harbored anti-American sentiments. The husband then argues that the trial court’s failure to award him at least joint custody of the son was an abuse of the trial court’s discretion. The husband next challenges the trial court’s division of the parties’ property. Finally, the husband argues that the trial court abused its discretion when it imputed to the husband a monthly income of $5,000 despite there being a lack of evidence to support that amount and in light of the fact that the trial court’s award of the Greystone house to the wife “eliminated” the husband’s ability to earn. On cross-appeal, the wife challenges the trial court’s-award of a one-half interest in any real estate that the husband might own in Iran, arguing that she would be unable, as a woman, to enforce that property right in Iran.
Although neither party raises the issue of jurisdiction to this court, we are required to take notice of the lack of jurisdiction ex mero motu. Wilhoite v. Wilhoite, 897 So.2d 303, 312 (Ala.Civ.App.2004) (opinion on return to remand). “The question whether a judgment is final is a jurisdictional question. The reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case; if the appellee has not moved for a dismissal, then the court should dismiss the appeal on its own motion.” Wilhoite, 897 So.2d at 312. “A ‘final judgment is a “terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.” ’ ” Id. (quoting Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990) (quoting in turn Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986))).
In Wilhoite, the trial court ordered that “ ‘ “all monies, if any exist, in the name of either parties shall be divided between the parties 65% to the husband and 35% to the wife.” ’ ” Id. at 311. We concluded that the failure of the trial court to determine if the moneys existed, who had possession of the moneys, or which party was obligated to pay a portion of the moneys to the other amounted to a failure to completely adjudicate the division of marital property between the parties. Id. In the present case, the trial court awarded the wife a one-half interest in property if the husband owns that property.- The trial court did not decide whether the husband owns the property, and, thus, the trial court’s judgment suffers from the same failure to completely adjudicate the division of marital property as the judgment in Wilhoite did. Accordingly, because the trial court’s judgment is not a final judgment, we must dismiss the appeal and the cross-appeal.
APPEAL DISMISSED; CROSS-APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.